Opinion by
Mr. Justice Sutton.
This is a proceeding under the Uniform Reciprocal Enforcement Support Act (C.R.S. 1963, 43-2-1 et seq.). The parties will be referred to by name, or as plaintiff and defendant.
The record discloses that Marjorie E. Jackson and Dr. Taylor W. Jackson were married June 16, 1936, in Salt Lake City, Utah. Ten children were born as issue of the union. In 1961 Mrs. Jackson, as plaintiff, instituted a divorce action against her husband in Denver where the *566 parties then resided and where Dr. Jackson still lives. A decree granting the divorce was entered June 5, 1961, in which Dr. Jackson was ordered to pay $10.00 per week per child for the support of four of the minor, dependent children, whose custody was awarded to Mrs. Jackson with visitation rights in defendant. Shortly thereafter, plaintiff with the trial court’s consent, moved to California, and apparently thereafter, at times, Dr. Jackson made a part of his support payments irregularly. Such conduct led Mrs. Jackson, in November 1962, to initiate a Uniform Support proceeding in California, the papers from which were then forwarded to Colorado for action under our statute.
It appears that Mrs. Jackson’s affidavit recited defendant had “refused and neglected and does still refuse and neglect to provide the aforementioned support (i.e., the $40.00 per week) to petitioner * * * and that since that date (June 14, 1962) has contributed nothing toward the support and maintenance of said children.” The record, however, shows the defendant had paid certain sums after the date in question, and that apparently, by the end of 1962, he had paid up in full all sums owed under the divorce decree. Over the objections of defendant, and in the absence of plaintiff, the trial court permitted counsel for the plaintiff to amend plaintiff’s notarized petition to show the payment of $350.00 on account.
After a hearing in the Colorado trial court, which included testimony by Dr. Jackson, it was ordered that the Reciprocal Action be dismissed “for lack of proof.” The court, contemporaneously therewith, ordered defendant to make his support payments thereafter into the registry fund of the Colorado trial court in the amount required by the original divorce decree to avoid future confusion over the payments.
The trial court’s actions did not meet with the approval of the statutory counsel for Mrs. Jackson. By writ of error she now seeks reversal and our directive to require that future payments be made under the Reciprocal Act.
*567 Although six grounds for reversal are urged, we can summarize them into three questions as follows:
(1) Is a trial court in a responding state bound to enter a reciprocal support order once a duty of support has been admitted or proved?
(2) Is compliance with a prior support order by the time of hearing a defense to such a reciprocal support action? And,
(3) Did the trial court have jurisdiction in this proceeding to enter its order requiring defendant to make future payments into the Colorado court’s registry fund in compliance with its earlier divorce decree?
The record discloses that the defendant was current with his support payments to June 14, 1962, and that the affidavit was signed on November 28, 1962. It shows then 26 weeks of payments due at $40.00 per week which makes a total of $1,040.00. We also find that there was $450.00 (not $350.00) paid during that period, plus a visitation credit of $95.00. This leaves a balance due of $495.00 which was paid up by the end of the year. Thus, it appears that although defendant was delinquent at the time the action was brought, he became current shortly thereafter.
The statute (C.R.S. 1963, 43-2-1 et seq.) provides inter alia that “the remedies provided in this article are in addition to and not in substitution for any other remedies and may be invoked even though a court in this state * * * has entered a support order in another action and has continuing jurisdiction.” Section 3. It also provides that “If the court of the responding state finds a duty of support, (as here) it may order the defendant to furnish support * * Section 23. Section 25 states in part that “In addition to the foregoing powers, the court of this state when acting as the responding state has the power to subject the defendant and/or plaintiff to such terms and conditions as the court may deem proper to assure compliance with its orders * * And, finally, Section 29 provides that “No order of support issued by a court *568 of this state when acting as a responding state shall supersede any other order of support * * (Emphasis supplied.)
As to the first issue, it appears that if a trial court in its discretion believes that proper support can be assured without applying the statute, it is free to do so. Section 3 uses the term “may be invoked” and Section 23 provides that a responding court “may order” a defendant to furnish support. In short, as we read the statute, it appears that discretion is reposed in the trial court to determine how best to cope with problems presented under the Act. If it believes that payments should be made to the initiating state under the Act, such can be done as an additional remedy, but such action is not mandatory. We conclude, therefore, that the trial court was not compelled to issue any order under the Act. The fact that it dismissed the action for an invalid reason on the theory of “lack of proof,” i.e., that defendant was not delinquent, is immaterial.
Secondly, as to whether eventual and belated compliance with a prior support order is a defense to an action like this, we need only say that each case must be decided on its own facts and circumstances. In effect, it may be a defense if the trial court chooses not to enter an order under the action brought pursuant to the Act.
The third point that we consider material, as mentioned above, relates to the question of jurisdiction of a responding state’s court to proceed to enter an order in the original divorce action when a plaintiff has instituted proceedings under the Reciprocal Act.
In the instant case we hold that the modification made by the court in this matter relating to future payments being made through the registry fund did not affect Mrs. Jackson’s rights one way or another and therefore did not result in any error.
Affirmed.
Mr. Justice Day and Mr. Justice Frantz concur.