McCoy et al., Appellants, v. McCoy, Appellee.

[Cite as McCoy v. McCoy (1977), 53 Ohio App. 2d 331.]

(No. 8323—Decided June 15, 1977.)

*Mr. Stephan Gabalac*, prosecuting attorney, and *Mr. Robert W. Lowrey*, for appellants.
*Mr. Edward C. Smolk*, for appellee.

Mahoney, P. J. This is an appeal from an order of the Domestic Relations Division of the Court of Common Pleas vacating a previous judgment rendered by it under the Uniform Reciprocal Enforcement of Support Act (U. R. E. S. A.) in favor of the state of California and Linda McCoy as co-petitioners against the respondent, Jerry Andrew McCoy. The judgment for $3,346.50 represented the financial assistance furnished by the County of Los Angeles between June, 1973, and July, 1975, to the parties' minor child, Tina, while she resided in California with the mother. The mother had removed the child from Ohio in contravention of a court order dated December 20, 1967, granting custody of Tina to the father.

The trial judge vacated the judgment and found for the father. The court determined that:

"* * * [T]here is no duty imposed to support said

child by reason that the petitioner violated the prior order by the court [by] removing the child from the jurisdiction of this court without the court's approval. Legal custody of said child has been granted to defendant and there has been no change in that order. * * *"

The sole assignment of error is:

"The trial court erred in holding that there was no duty of support owed by the appellee to his minor child such that he not have to reimburse the County Welfare Department for public assistance for support of appellee's child from June 1973 up to and including July 1975."

We believe that the trial court erred as a matter of law in holding that there was no duty of support because the obligee, Linda McCoy, had removed the child from the court's jurisdiction.

R. C. 3115.21 provides, in actions under the U. R. E. S. A., in pertinent part:

"The determination or enforcement of a duty of support owed to one obligee is unaffected by any interference by another obligee with rights of custody or visitation granted by a court."

In this case, the trial court may have incorrectly applied the rule of law stated in *Porter* v. *Porter* (1971), 25 Ohio St. 2d 123, as the *Porter* case was applied in *New Jersey* v. *Morales* (1973), 35 Ohio App. 2d 56. Both of those cases essentially stand for the proposition that a nonresident parent, who has removed a child from the jurisdiction of the Ohio courts without approval and lawful custody, cannot maintain an action for support under U. R. E. S. A.

*Porter, supra,* at 129, summarizes the applicable rule as follows:

"* * * [W]here a father and his children have been deprived of their rights of visitation with each other by the mother's removal of the children from this state without the father's consent, the trial court may condition the father's duty to support the children upon the mother's compliance with reasonable visitation privileges unless the mother is unable fully to support the children; or

they are wanting for proper care and by reason thereof they are about to become public charges."

In *New Jersey* v. *Morales, supra,* the Tenth District Court of Appeals applied *Porter, supra,* and denied a New Jersey mother the right to maintain an action because she had flaunted an Ohio court order granting the Ohio father custody. That case, however, did not involve the state of New Jersey as a co-petitioner nor was there evidence that the mother was unable to support the children.

Additionally, we note that R. C. 3115.21 was amended in the interim between *Porter* and *Morales.* The amendment added the last sentence quoted previously which states that the duty of support is unaffected by an interference with custody. We do not believe it is necessary to determine the effect of that amendment on *Porter* because our case falls within the last sentence of the rule in *Porter.* The child is receiving public assistance and the state of California seeks reimbursement for support furnished and future support.

R. C. 3115.07 gives the state of California the right to seek reimbursement and future support by asking the court to impose the father's statutory duty of support under R. C. 3103.03.

R. C. Chapter 3115 (U. R. E. S. A.) requires the trial court to proceed to a hearing under R. C. 3115.18 within the rules of evidence and limitations of R. C. 3115.21. If the court finds a duty of support, it may order reimbursement under R. C. 3115.22 as well as future support.

Accordingly, we vacate the trial court's order of October 18, 1976, vacating its own judgment entry of July 20, 1976. We remand this case to the trial court to determine whether any other grounds exist under Civ. R. 60 for vacating the July 20 order.

*Judgment reversed.*

BELL and VICTOR, JJ., concur.