589 P.2d 1370 (1978)
COUNTY OF CLEARWATER, MINNESOTA, Obligee-Appellant,
v.
Richard PETRASH, Obligor-Appellee.
No. 77-835.
Colorado Court of Appeals, Div. I.
June 15, 1978.
As Modified on Denial of Rehearing October 19, 1978.
Certiorari Granted January 29, 1979.
*1371 Robert R. Gallagher, Jr., Dist. Atty., Ray L. Weaver, Chief Deputy Dist. Atty., Littleton, for obligee-appellant.
Madsen & Rome, P.C., Gerald M. Madsen, Littleton, for obligor-appellee.
RULAND, Judge.
The County of Clearwater, Minnesota, appeals from a judgment of the Arapahoe County District Court dismissing its petition against Richard Petrash instituted under the Uniform Reciprocal Enforcement of Support Act (URESA). Section 14-5-101, et seq., C.R.S. 1973; Minn.Stat. § 518.41, et seq. We reverse and remand for additional proceedings.
The facts pertinent to this appeal are not in dispute. Richard and Kathryn Petrash was married in Colorado in 1961, and three children were born as issue of their marriage. However, Richard and Kathryn were divorced in 1971, and Richard was awarded custody of the children by decree of the Arapahoe County District Court. Thereafter, both parties remarried.
In June of 1974 the oldest child left Richard and traveled to Minnesota to live with Kathryn. Kathryn secured welfare assistance from Clearwater County for support of the child. Richard did not pursue any legal action in Minnesota to return the oldest child to his custody.
In November of 1974 and, again, in January of 1976, URESA actions were commenced by Clearwater County in Arapahoe County District Court to secure reimbursement from Richard for support previously furnished, and to obtain continuing support for the child. However, both actions were dismissed on the basis that Kathryn had violated the terms of the Colorado decree by not returning custody of the child to Richard. No appeal was taken from these orders.
In April of 1976 the Clearwater County court found that the child was a "neglected child" and ordered that custody of the child be transferred to the Clearwater County Welfare Board. The Board placed the child with Kathryn. Clearwater County then initiated the present URESA action, which was also dismissed.

I.
The trial court in effect ruled that even if custody of the child had been transferred to the Welfare Board, the county could not maintain an action pursuant to URESA because of the Uniform Child Custody Jurisdiction Act (UCCJA), § 14-13-101, et seq., C.R.S. 1973. It reasoned that entry of a support order under URESA would constitute an abandonment of its duty under the UCCJA to enforce the Colorado decree awarding Richard custody of the child. The county contends that this was error. We agree.
The purpose of an URESA action is to provide for the enforcement of duties of support, Vigil v. Vigil, 30 Colo.App. 452, 494 P.2d 609 (1972), whereas the purpose of the UCCJA is to "avoid jurisdictional competition and conflict" so that child custody issues are resolved in the state where the child and his family have the closest connection. Section 14-13-102, C.R.S. 1973. A "custody determination" under the UCCJA "does not include a decision relating to child support." Section 14-13-103(2), C.R.S. 1973 (emphasis added). Conversely, under URESA *1372 "[the Colorado] court shall not . . . refuse a hearing . . . because of any. . . prior action or proceeding for. . . custody in this or any other state." Section 14-5-131, C.R.S. 1973. Thus, the purposes and concerns of URESA are compatible with and distinct from those of the UCCJA so that a proceeding under one act is not precluded by the other.

II.
We also disagree with the trial court's alternate conclusion that even if custody of the child had been properly transferred to the Welfare Board, nevertheless, Richard did not, as a matter of law, have any duty to support the child except as specified in the Colorado decree.
Jurisdiction to determine child custody may change to another state, and when that occurs the courts of this state must recognize the modification decree if the modifying state "assumed jurisdiction under statutory provisions substantially in accordance with [the UCCJA] or . . . under factual circumstances meeting the jurisdictional standards of [this] article. . .." Section 14-13-114, C.R.S. 1973. Thus, if custody of the child was properly transferred to the Clearwater County Welfare Board, then the Colorado decree no longer governs the support issue. See Brown v. Brown, 183 Colo. 356, 516 P.2d 1129 (1973). Under these circumstances, Richard would have a duty of support under Colorado case law, see People v. Elliott, 186 Colo. 65, 525 P.2d 457 (1974); Desch v. Desch, 55 Colo. 79, 132 P. 60 (1913), and the trial court would be obligated to enforce that duty. See § 14-5-108, C.R.S. 1973.

III.
In order to expedite this action, in the event that the trial court should determine that the Minnesota court did not acquire jurisdiction to transfer custody of the child to the Welfare Board, we address the issue of whether Richard may assert Kathryn's violation of the Colorado decree as an affirmative defense to Clearwater County's petition.
In asserting that Kathryn's violation of the decree may not serve as a defense, Clearwater County relies upon McCoy v. McCoy, 53 Ohio App.2d 331, 374 N.E.2d 164 (1977). We do not find that case persuasive.
In McCoy the court held that a mother's violation of an Ohio custody order did not bar the state of California from pursuing an URESA action against the father. However, the courts in Ohio have, by statute and case law, imposed an obligation upon a husband to compensate any third persons who in good faith furnish "necessaries" to either his wife or his children. See Ohio Rev. Code Ann. § 3103.03 (Page); and e. g., In re Terrell, 48 Ohio App.2d 352, 357 N.E.2d 1113 (1976). Conversely, Richard's obligation of support must be determined by Colorado law, § 14-5-105, C.R.S. 1973. See also O'Brien v. Galley-Stockton Shoe Co., 65 Colo. 70, 173 P. 544 (1918).
Absent a valid transfer of custody to the Clearwater County Welfare Board, Richard remains obligated by Colorado decree to provide care and support for the child in his home. Under these circumstances, the trial court has discretion to determine whether the additional remedies provided by URESA should be invoked to provide another form of support for the child. See Jackson v. Jackson, 157 Colo. 564, 404 P.2d 281 (1965).
The judgment is reversed and the cause remanded with directions to reinstate Clearwater County's petition and for further proceedings as needed to determine the issues delineated in this opinion.
SILVERSTEIN, C. J., and VanCISE, J., concur.