601 P.2d 662 (1979)
Roy P. PARTRIDGE, Plaintiff-Appellee,
v.
Jeanne A. PARTRIDGE, n/k/a Jeanne A. Huey, Defendant-Appellant.
No. 78-1020.
Colorado Court of Appeals, Div. II.
September 27, 1979.
*663 J. E. Kuttler, P. C., J. E. Kuttler, Aurora, for plaintiff-appellee.
Feuer, Flossic & Rich, Bruce Myr Flossic, Denver, for defendant-appellant.
SMITH, Judge.
The marriage of the parties was dissolved by a final decree on May 7, 1967. The decree awarded custody of the eight minor children of the parties to wife and ordered husband to pay the sum of $600 per month as child support. The district court has not modified or amended that support order since the date of its original entry. Subsequent to the entry of this order, husband left Colorado and moved to California. He later moved to Texas.
When husband failed to pay the ordered support, wife sought aid for payment through the filing of a uniform reciprocal enforcement of support proceeding in California. The California court entered an order requiring husband to pay the sum of $200 per month for six months beginning December 1, 1967, for child support, and thereafter to pay $450 per month for child support. Husband complied with this order.
When husband moved his residency to Texas in the latter part of December 1968, wife again sought payment of support through the filing of another uniform reciprocal enforcement of support proceeding in Texas. In 1969, the Texas court ordered the husband to pay the sum of $50 per week for the support and maintenance of the children beginning September 1, 1969. Husband complied with the provisions of this order.
On August 4, 1978, wife moved the Arapahoe County District Court to reduce support arrearages to judgment in the amount of approximately $35,000. The court denied the wife's motion concluding that husband had relied on the provisions of the California and Texas decrees and that equity therefore dictated a modification of the terms of the original decree as related to child support. We reverse that order.
Past due installments for child support under a valid order constitute debts, and are, in and of themselves, matured obligations which a trial court has no power or authority to cancel unless there exist adequate grounds for equitable relief from such an obligation. Carey v. Carey, 29 Colo.App. 328, 486 P.2d 38 (1971). Also, a modification order entered by a Colorado court as the responding state under the Uniform Reciprocal Enforcement of Support Act does not affect the obligee's right under the divorce decree as entered. Jackson v. Jackson, 157 Colo. 564, 404 P.2d 281 (1965).
Husband argues, however, that wife has acquiesced to a permanent modification by her acceptance of child support payments pursuant to the foreign states' orders and that he detrimentally relied upon such purported acquiescence. He therefore asserts that equity should relieve him from the obligation of the original order. We disagree.
From the record we find no showing of any actual agreement to waive child support, nor any showing of any reasonable basis for belief by the husband that such a waiver existed. Husband never requested modification of the original support orders in the court which issued them, even though the orders were twice modified relative to custody of specific children by stipulation of the parties, once in 1971 and again in 1973. The intention of wife not to waive her rights to child support for children in her custody under the divorce court's support orders is evidenced by the fact that during the year following the entry of the California order she caused prior arrearages to be reduced to judgment. Subsequent to that time she initiated a new reciprocal action in a further attempt to collect child support.
Child support arrearages cannot be defeated merely by the passage of time. Hauck v. Schuck, 143 Colo. 244, 353 P.2d 76 *664 (1960). Nor are the back support payments here barred by estoppel. Carey v. Carey, supra. Likewise, equity will not relieve husband since wife pursued all remedies available to acquire support for the children from a non-resident father under the Uniform Reciprocal Support Act proceedings.
Since there was no substantial evidence in the record to support the conclusion that an "equitable modification" of the original decree had occurred or was warranted, the judgment is reversed and the cause is remanded to the trial court for determination of the amount of back arrearages, and for the entry of judgment thereon.
PIERCE and BERMAN, JJ., concur.