THE STATE OF IOWA, EX REL. CANTRELL, APPELLEE, *v.* CANTRELL, APPELLANT.

(No. 10979—Decided May 18, 1983.)

*Mr. Lynn C. Slaby,* prosecuting attorney, for appellee.

*Mr. David H. Ferguson* and *Ms. Taryn L. Stambaugh,* for appellant.

GEORGE, J. This is an appeal from an order of the domestic relations court approving the findings and recommendations of the referee which required the appellant to pay $25 a week as a result of an action commenced under R.C. 3115.07. This court affirms.

The parties were granted a divorce on October 16, 1973, in Summit County. The appellant, Douglas Cantrell, was awarded custody of the only child of the marriage. The record indicates, however, that the physical presence of the child has generally remained with the mother, Sandra K. Cantrell, outside Ohio.

Since August 1, 1981, the state of Iowa has been paying $292 per month for the support of the child through its Aid to Dependent Children funds. The child is currently residing in Iowa and receiving support from the state of Iowa. This action was commenced for reimbursement under the Uniform Reciprocal Enforcement of Support Act ("URESA") for the amounts the state of Iowa has paid.

The referee found that the appellant was obliged to reimburse the state of Iowa under URESA. The referee recommended that reimbursement be at a rate of $25 per week. The domestic relations court approved that recommendation and made the referee's report a part of its order, pursuant to Civ. R. 53(E).

Assignment of Error I

"The trial court erred in its finding that appellant was obligated to the state of Iowa for reimbursement of support provided and for current support of his minor child under the Uniform Reciprocal Enforcement of Support Act (URESA)."

This court was faced with a similar situation in *McCoy* v. *McCoy* (1977), 53 Ohio App. 2d 331 [7 O.O.3d 427]. As in the present case, the father was awarded permanent custody of the minor child. The mother removed the child from the jurisdiction contrary to the custody order. The second state filed an action for reimbursement for amounts paid as support for the child. This court found R.C. 3115.21 dispositive. In pertinent part, that section provides:

"* * * The determination or enforcement of a duty of support owed to one obligee is unaffected by any interference by another obligee with rights of custody or visitation granted by a court."

The violation of a custody order is not

a defense to an action for payment of support under R.C. Chapter 3115. *McCoy, supra.* This court overrules the first assignment of error.

### Assignment of Error II

"Even if the court was correct in ordering appellant to pay child support, the support order of $25.00 a week is unreasonable and excessive under the circumstances."

The record indicates the appellee is providing $292 per month for support of the minor child through Aid to Dependent Children funds. It is within the discretion of the trial court to determine the rate at which the state of Iowa shall be reimbursed. There has been no showing of an abuse of discretion on the part of the domestic relations court.

Accordingly, the second assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and MAHONEY, J., concur.