STATE OF IOWA, ex rel. IOWA DEPARTMENT OF
SOCIAL SERVICES *v.* Gladys REYNOLDS

86-196                                    725 S.W.2d 847

Supreme Court of Arkansas
Opinion delivered March 16, 1987

*Richard B. Dahlgren*, Child Support Enforcement, for appellant.

*Brazil, Clawson & Adlong*, by: *William Clay Brazil*, for appellee.

DAVID NEWBERN, Justice. This is an appeal from denial of the appellant State of Iowa's petition for reimbursement for money paid for support of the appellee Gladys Reynolds's children. The appellant also appeals from denial of an order seeking continuing support payments by the appellee. We hold that appellee has an obligation to support her children and to reimburse the appellant for the support it has rendered them. Thus we reverse the chancellor's ruling and remand the case for further proceedings.

The appellant presented evidence in the form of a certificate from an Iowa district court invoking the provisions of the Revised Uniform Reciprocal Enforcement of Support Act, Ark. Stat. Ann. §§ 34-2401 through 34-2442 (Supp. 1985). The documents attached to the certificate showed that from December 1, 1983, through May of 1984 the State of Iowa had expended $3,612 in the form of "ADC" payments for "these children." The affidavit of Susan Geffe, a representative of Iowa Social Services, shows that ADC payments in the amount of $516 per month were made to five children living in the home of the appellee's ex-husband in Iowa. Three children of the appellee and her ex-husband were

named in the affidavit as being among those who received the payments. No testimony was presented by the appellant.

The appellee testified that she and her ex-husband were divorced in 1980, and he was given custody of their three children. She testified that only her youngest daughter continues to reside with her ex-husband, his wife, and their children. Her two older children named in the documents accompanying the petition had, she said, moved out, apparently not long before the hearing which was held October 30, 1984.

The appellee testified further that she had remarried, that her second husband was disabled but drawing social security and Veterans Administration benefits, and that her new husband's two adult children were living with them here in Arkansas. She said she was earning a minimum wage of $3.35 per hour and bringing home about $220 every two weeks which, combined with her husband's income, gave them about $1,100 per month. She testified her husband's two sons had recently become employed, also at minimum wage, but that they did not contribute to household expenses.

The appellee testified that, to her personal knowledge, her ex-husband was not working although he was perfectly capable of doing so.

At the conclusion of the hearing the chancellor ruled as follows:

> I'm going to deny the petition. I'm not going to require the mother to send any money up to the State of Iowa. I just have something against making women pay child support. I've done it once or twice, but she's making minimum wage and she's got a disabled husband. I'm not going to impose that burden on her.

Our decision in *Barnhard* v. *Barnhard*, 252 Ark. 167, 477 S.W.2d 845 (1972), left no doubt that a mother has an obligation to support her children. This court is not unique in reaching that conclusion. *See* Annot. 98 A.L.R. 3d 1146 (1980). The fact that the appellee was earning only minimum wage has no bearing on the subject, except perhaps as it may influence the amount she should contribute rather than her obligation to do so.

Nor is her new husband's disability relevant to the existence of her obligation.

Although he did not use it as a reason in his stated ruling quoted above, recorded colloquy between the chancellor and the appellee suggests he gave weight to her testimony about her ex-husband's unwillingness to work and unwillingness to support the children. When this case is reconsidered, the ex-husband's unwillingness to support the children should not be a considerable factor. Even if the appellee had an affirmative defense to liability to support her children, that would be a collateral matter not to be considered in a R.U.R.E.S.A. proceeding. *Paredes* v. *Paredes*, 118 Ill. App. 3d 27, 454 N.E. 2d 1014 (1983); *State of Iowa, ex rel. Cantrell* v. *Cantrell*, 9 Ohio App. 3d 194, 459 N.E.2d 242 (1983).

Section 34-2408 provides that a state may seek both reimbursement for support provided and continuing support. The appellant will be obliged to show clearly the amount expended for support of the appellee's children, and the chancellor will then have to decide on a reimbursement schedule as well as a continuing support payment.

Although we try to make our own determination and resolve chancery cases without remand when the record is complete, we cannot do so here. First, it is unclear how much was expended for support of the appellee's children at the time the petition was filed. Second, it has been almost two and a half years since the hearing was held. The hearing occurred on October 30, 1984. The trial court gave the appellant until August 1, 1985, to docket the appeal. The case was originally appealed to the court of appeals and was ready for submission in November of 1985. It was not certified by the court of appeals to the supreme court until September 4, 1986. So much time has passed since the matter was heard by the chancellor, we have no idea what conditions now prevail. The matter of the amount to be paid by the appellee for continuing support will have to be established by the chancellor applying the criteria stated in *Barnhard* v. *Barnhard, supra.*

Reversed and remanded.