GREENFIELD, Appellant,

v.

COBB, Appellee.

[Cite as *Greenfield v. Cobb* (1993), 90 Ohio App.3d 618.]

Court of Appeals of Ohio,
Allen County.

No. 1–93–27.

Decided Sept. 30, 1993.

*Daniel S. Cade*, Allen County Child Support Enforcement Agency, *F. Stephen Chamberlain* and *Dennis S. Kerber*, for appellant.

*Gooding, Huffman, Kelly & Becker* and *Matthew C. Huffman*, for appellee.

THOMAS F. BRYANT, Judge.

This is an appeal from a judgment of the Court of Common Pleas of Allen County denying appellant's claim for child support arrearages filed pursuant to the Uniform Reciprocal Enforcement of Child Support Act ("URESA"), R.C. Chapter 3115.

Appellant, Vivian Greenfield, and appellee, Harold Cobb, were divorced in Ventura County, California in 1977. Greenfield was granted custody of the parties' three children with reasonable visitation rights granted to Cobb. Cobb was ordered to pay support in the amount of $23 per week per child commencing July 30, 1973. The three children are now emancipated.

Prior to the divorce, Cobb moved to Maryland, then later moved to West Virginia and ultimately established his residence in Lima, Ohio. During the divorce proceeding, Greenfield moved to Iowa, where she continues to reside.

Cobb has made no support payments, but his federal income tax refunds were withheld in 1984, 1985, 1986, 1990, 1991 and 1992 and applied to his arrearages. The arrearages through July 31, 1992 are in the amount of $43,255.80.

Greenfield received Aid to Families With Dependent Children ("AFDC") for a period of time while residing in Iowa. Of the $43,255.80 arrearage, $14,620.80 is AFDC-related and $28,635 is not AFDC-related. The Iowa Child Support Recovery Unit, for the Adams County, Iowa Board of Social Welfare, assignee of Greenfield, filed a petition pursuant to URESA in the name of Greenfield to recover the child support arrearages from Cobb.

At a hearing held before a referee, the only testimony was that of Cobb. Subsequently, the referee issued a report finding that Cobb was in arrears in the amount of $43,255.80 and recommending that he pay $50 per week until the arrearage is satisfied. The trial judge rejected the referee's report and recommendations and ordered that Cobb's total arrearage be reduced to zero. The court found that Cobb "was materially prejudiced by his inability to participate in the raising of his children," that he could not "avail himself of the legal processes" available to him, and that the eleven-year delay in bringing this action was unreasonable.

Appellant's sole assignment of error on appeal is:

"The trial court abused its discretion in applying the doctrine of laches and holding that the obligor below does not owe accrued child support arrearages which have been assigned to a state welfare agency where the obligor has unilaterally terminated child support payments for the reason of the obligee's alleged denial of visitation with the parties['] minor children, and further where prior collection proceedings have been timely initiated by the state against the obligor."

The trial judge apparently based his decision, in part, on the fact that Cobb had not seen his children since 1972. There is no evidence in the record that Greenfield intentionally concealed the whereabouts of the children from Cobb or that she would have denied visitation had Cobb asked for it. There is evidence in the record that Cobb put forth no great effort over the years to find his children. He admitted that, even when an agency in Iowa contacted him in 1983 concerning his child support arrearage, he never made any effort to contact his children in Iowa other than asking the agency for the children's address. When the agency refused to provide an address, Cobb did nothing further to determine the whereabouts of the children.

We agree with the trial court that Cobb did not avail himself of the legal processes available to him to enforce his visitation rights, but that failure is the fault of Cobb and not of Greenfield or the children. The record reveals that, even though an interlocutory judgment of dissolution of the parties' marriage was entered in 1973, a final judgment dissolving the marriage was not entered until 1977, after Cobb had married his second wife and "his conscience [had] got the best of [him]" and he had retained an attorney in California to finalize the divorce. If Cobb's visitation rights were not being granted, he had adequate opportunity to bring it to the court's attention at that time.

We believe that the trial judge, in apparently finding that Cobb's failure to pay child support was excused because he had allegedly been denied visitation with his children, failed to follow R.C. 3115.21(A), which provides as follows:

" * * * If the action is based on a support order issued by another court, a certified copy of the order shall be received as evidence of the duty of support, subject only to any defenses available to an obligor with respect to paternity or to a defendant in an action or proceeding to enforce a foreign money judgment. The determination of a duty of support owed to one obligee is unaffected by any interference by another obligee with rights of custody or visitation granted by a court."

As recognized by the Court of Appeals for Warren County in *Brown v. Brown* (1984), 16 Ohio App.3d 26, 29, 16 OBR 28, 30, 474 N.E.2d 613, 616, the only two defenses available to a respondent in a URESA action for enforcement of a child support order are that paternity has not been established or that the order is void. As in *Brown,* neither of these defenses has been asserted in the case *sub judice.*

R.C. 3115.21(A) further provides that a duty to support is unaffected by any interference with rights of visitation. See, also, *McCoy v. McCoy* (1977), 53 Ohio App.2d 331, 7 O.O.3d 427, 374 N.E.2d 164.

The trial court also erred in finding the eleven-year delay in bringing this action unreasonable. This court has previously held that the defense of laches ordinarily is not applicable in circumstances such as these. *Beaver v. Beaver* (Sept. 23, 1991), Marion App. No. 9–90–75, unreported, 1991 WL 216805. Our holding is in accord with *Kinney v. Mathias* (1984), 10 Ohio St.3d 72, 10 OBR 361, 461 N.E.2d 901, and *Johnson v. Johnson* (1991), 71 Ohio App.3d 713, 595 N.E.2d 388.

It was the duty of the trial court to give full faith and credit to the California support order and to enforce it. The trial court erred in reducing Cobb's arrearage to zero.

Having found error prejudicial to the appellant in the error assigned, we reverse the judgment of the trial court and, pursuant to App.R. 12(B), enter the judgment the trial court should have rendered in favor of appellant in the amount of the child support arrearage, $43,255.80.

*Judgment reversed*
*and cause remanded.*

SHAW and HADLEY, JJ., concur.