OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Cuyahoga County Bar Association v. Stidham.
[Cite as Cuyahoga Cty. Bar Assn. v. Stidham (1994),        Ohio
St.3d      .]
     (No. 94-1377 -- Submitted August 17, 1994 -- Decided
December 7, 1994.)
Attorneys at law -- Misconduct -- Indefinite suspension --
     Neglecting an entrusted legal matter -- Failure to
     maintain complete records of client funds and promptly pay
     client unearned fees -- Failure to cooperate in
     disciplinary investigation.
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 94-11.
     By complaint filed February 22, 1994, relator, Cuyahoga
County Bar Association, charged respondent, Ronald J. Stidham
of Cleveland, Ohio, Attorney Registration No. 0031333, with two
counts of misconduct.  Count I charged him with violations of
DR 6-101(A)(3) (neglecting an entrusted legal matter) and
9-102(B) (failure to maintain complete records of client funds
and promptly pay client unearned fees).  Count II charged that
respondent violated Gov. Bar R. V by neglecting or refusing to
assist the Cuyahoga County Bar Association's Grievance
Committee's investigation of the complaint.
     According to the complaint, on March 25, 1993, James H.
Carey, Jr. filed a grievance against respondent with the
Cleveland Bar Association.  It was referred to the Cuyahoga
County Bar Association Grievance Committee to be handled in
conjunction with another case pending against respondent before
the Board of Commissioners on Grievances and Discipline of the
Supreme Court ("board"), involving similar allegations of
misconduct.  The board's report in that case was filed in the
Supreme Court on November 1, 1993, as case No. 93-2175.
     Additionally, in June 1989, Carey gave respondent a $1,500
retainer to represent him in connection with a civil rights
case against Ford Motor Company, and other matters.  Respondent
told Carey to file complaints with the EEOC and the Ohio Civil
Rights Commission, but failed to keep himself informed or to
update Carey as to the status of the complaints.  In July 1992,
Carey learned from the EEOC that his complaint had been

dismissed. Carey asked respondent to return the $1,500 retainer, but respondent refused. In the earlier disciplinary proceeding (case No. 93-2175), respondent entered into stipulations with relator and "agreed to return all unearned client fees; however, to date, [r]espondent has failed to refund any such fees to his clients, including James H. Carey Jr."

In the instant proceeding, relator filed a motion for default with the board supported by affidavit, and a memorandum alleging that respondent was served with a copy of the complaint but failed to answer within twenty days in accordance with Gov. Bar R. V(6)(F). The affidavit of Michael E. Murman, relator's attorney, states that on February 22, 1994, Murman and respondent attended a Supreme Court hearing on the prior complaint and that respondent declined to address or discuss the new allegations pending against him. Moreover, on April 22, 1994, Murman sent a draft of his motion for default to respondent and Murman has received no response.

A panel of the board found that relator's motion for default pursuant to Gov. Bar R. V(6)(F) was "well taken" and that respondent "violated the disciplinary rules as alleged in the complaint." The panel recommended respondent be suspended from the practice of law for two years, but be permitted to seek reinstatement after eighteen months.

The board adopted the findings of fact and conclusions of law of the panel. The board further found that respondent had been sanctioned on April 27, 1994 in case No. 93-2175, 69 Ohio St.3d 80, 630 N.E.2d 66, and "[a]fter considering the [r]espondent's prior disciplinary sanction and his failure to cooperate in this matter," the board recommended that respondent be suspended indefinitely from the practice of law in the state of Ohio. The board further recommended that the costs of the proceedings be taxed to respondent.

Laurence A. Turbow and Michael E. Murman, for relator.

Per Curiam   We agree with the findings and adopt the recommendations of the board. Respondent, Ronald J. Stidham, is hereby suspended indefinitely from the practice of law in Ohio. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.