OPINION
This case presents the appeal of Gale Critser n.k.a. Gale Zook and the cross-appeal of Homer Critser from the decision of the Jefferson County Common Pleas Court, Domestic Relations Division. For the following reasons, the trial court's judgment is reversed, and judgment is hereby entered in favor of Ms. Zook.
 STATEMENT OF FACTS
The parties divorced in 1986. Mr. Critser was ordered to pay child support to Ms. Zook who was designated residential parent of the parties' two minor children. It is stipulated that Mr. Critser failed to pay said child support from June 1989 until November 1997. Mr. Critser testified that when Ms. Zook told him to leave her and the children alone, he told her that he would do so and that he would discontinue paying support.
In 1997, Mr. Critser attended his son's high school graduation. Thereafter, the Jefferson County Child Support Enforcement Agency (CSEA) notified the court of Mr. Critser's arrearage. In December 1997, Mr. Critser filed a motion for visitation with his sixteen year old daughter and sought an order barring collection of arrearage. Ms. Zook then filed a motion for child support arrearage. During a hearing, the parties stipulated that Mr. Critser owed $42,353.90 in back child support. Mr. Critser argued that Ms. Zook did not deserve the money and that laches should bar her from collecting.
On February 13, 1998, the trial court released its judgment entry which ordered Mr. Critser to pay $200 per month towards the stipulated amount of arrearage. The court calculated an arrearage in the amount of $19,846.19 for the son and $22,507.71 for the daughter. As the son was emancipated, the court ordered that $100 would go directly to the son each month. With regards to the daughter, the court ordered $100 to be distributed to Ms. Zook until the daughter was emancipated at which time she would receive the monthly payment. Ms. Zook appealed on the grounds that the arrearage should be paid to her. Mr. Critser cross-appealed on the grounds that the court had no authority to enter judgment for the emancipated son who was not a party to the action.
 ASSIGNMENT OF ERROR
Ms. Zook's sole assignment of error provides:
 "IT WAS ERROR FOR THE COURT TO ORDER THAT ARREARAGE IN CHILD SUPPORT BE REPAID TO AN ADULT CHILD AND NOT TO THE CUSTODIAL PARENT."
Ms. Zook argues that since she is the obligee who was forced to bear the burden of supporting her children alone, it is she who should have been awarded the child support arrearage. Mr. Critser contends that the trial court had discretion to use its equitable powers to rule that the children, rather than Ms. Zook, should receive the arrearage. At the hearing where the court first announced its decision, the following discussion took place:
 "THE COURT: $100 to the son, the balance to her, goes to mom. And then when the daughter is emancipated the mom stops getting anything and the $200 keeps coming and the son gets his hundred and the daughter gets her hundred until they're paid off.
 MR HERSHEY [Ms. Zook's attorney]: I assume the Court has some authority for this.
 THE COURT: I'm doing it. There is law in Ohio that there is a presumption when child support isn't paid that standard of living of the child goes down and there is authority for paying arrearage to an adult child. So there is authority for that." (Tr. 66).
The authority referred to by the trial court was not cited in its judgment entry which merely stated that it was equitable to award arrearage to the children once emancipated.
An entitled residential parent may seek a lump sum award for child support arrearage. Pursuant to R.C. 3113.21 (K)(1), the obligee of child support shall be reimbursed for unpaid, overdue child support, even prior to any reimbursement of CSEA. See, also, R.C. 3113.21 (P) (4) (defining the obligee as the person entitled to receive the support under a support order). In this case, a prior support order required Mr. Critser to pay child support to Ms. Zook and, as aforementioned, an arrearage was stipulated.
The Supreme Court of Ohio has held that arrearage represents money advanced by the residential parent to replace the money that was owed but not paid by the obligor. Connin v.Bailey (1984), 15 Ohio St.3d 34, 37; Smith v.Smith (1959), 168 Ohio St. 447, 457. The presumption advanced by the trial court, that the child's standard of living was lowered by the lack of child support, is secondary to the well accepted presumption that the residential parent expended more money on the children that he or she otherwise would have had the nonresidential parent contributed as required.
Various appellate districts agree that child support arrearage is an asset of the residential parent. Sutherell v.Sutherell (June 11, 1999), Lake App. No. 97-L-296, unreported, 6 (holding that awarding arrearage to the residential parent is not a windfall since that parent advanced support for the benefit of the child); Seegert v. Zietlow (1994),95 Ohio App.3d 451, 463 (presuming that the child was clothed, fed and given the necessities of life); Miller v.Miller (1991), 73 Ohio App.3d 721, 725 (holding that arrearage paid to county for benefit of mother could be taken by court to satisfy mother's debt for theft instead of passing to child, especially where child did not assert claim to support). Thus, as a general rule, the child support arrearage was owed to Ms. Zook, who with the help of her husband supported the children without Mr. Critser's assistance for eight years, rather than to the parties' children.
Admittedly, there have been situations where courts have allowed an adult child to collect arrearage. For instance, where the mother's paternity action was barred by the doctrine ofres judicata, the court allowed the son to assert his own cause of action. Rees v. Heimberger (1989), 60 Ohio App.3d 45,46. Also, where the residential parent died, the adult child who was the beneficiary of the residential parent's estate was permitted to collect the arrearage through a separate cause of action rather than waiting for the estate to file a claim against the obligor. In re Estate of Antkowiak (1994),95 Ohio App.3d 546, 554 (stating that the presumption that the child's standard of living was not optimal only arises where the presumption in favor of the custodial parent no longer applies). Lastly, where the mother's cause of action was barred by the doctrine of laches, the daughter was permitted to assert her own entitlement to arrearage. Park v. Ambrose (1993), 85 Ohio App.3d 179,185. However, it is clear that the residential parent was the primary obligee and the adult child was the secondary obligee. Antowiak, supra at 552-554. See, also, Park, supra at 187, fn. 1. The reasoning is that if the primary obligee is somehow barred from collecting, then the secondary obligee can claim entitlement to prevent the obligor from escaping his obligations.
Hence, Mr. Critser contends that the trial court's ruling in favor of the parties' children may have been based upon the doctrine of laches. However, there is nothing in the record to suggest that the court found that Ms. Zook's claim was barred by laches. The journal entry merely stated, "the court finds it equitable" that arrearage be paid to the adult son and to the daughter when she becomes emancipated. This implies that the court based its decision on general principles of equity and fairness and not on the doctrine of laches. That being so, the court did not follow the law that holds that arrearage is the asset of the residential parent, especially in the absence of any evidence that the residential parent failed to fully provide for her children. See Smith, supra at 457; State ex rel. Donovan v.Zajac (1998), 125 Ohio App.3d 245, 253.
Furthermore, in order to claim laches, Mr. Critser had the burden of showing that he was materially prejudiced by an unexplained or unreasonable delay. Connin, supra at 35-36. In that regard, we note that Mr. Critser moved out of state without leaving a forwarding address with CSEA. Ms. Zook presented evidence that she had telephone contact with CSEA during this time period. Additionally, the record demonstrates that Ms. Zook made attempts to collect prior to Mr. Critser's move. Even assuming arguendo that Ms. Zook could reasonably have done more to find Mr. Critser and lessen the delay, Mr. Critser still had to prove that material prejudice resulted from the delay.
In Smith, the Supreme Court held that laches did not bar a mother's claim for child support arrearage which was filed fourteen years after the last payment was due. Id. at 456 (stating that material prejudice cannot be inferred from mere lapse of time). "The mere inconvenience of having to meet an existing obligation imposed not only by statute but by an order or judgment of a court of record at a time later than that specified in such statute or order cannot be called material prejudice." Id. at 457.
This rationale was reinforced by the Supreme Court in Connin,supra. In that case, the mother waited thirty-five years to recover the child support arrearage. Id. The court stated that the death of the obligor and the amorphous suggestion that records had been lost were insufficient to defend under the doctrine of laches. Id. at 36. The court cited the law and policy reasons set forth in Smith and reasserted that length of time and general allegations of hardship are insufficient to constitute material prejudice. Id. at 36-37.
In the case at bar, Ms. Zook filed her claim approximately six months after the last support payment was due for her son and before the last payment was due for her daughter. These are extremely shorter time frames than those in Smith and Connin. Moreover, Mr. Critser does hot argue and the record does not establish prejudice. Mr. Critser knew that a court order existed obligating him to pay child support for the benefit of his son and daughter. Yet he left the state instead of paying on the court order. He claims that Ms. Zook was uncooperative in visitation. He also contends that when Ms. Zook told him to leave her and the children alone, she implicitly agreed that she would not seek child support if he left. However, the act of telling one's former spouse to leave the family alone does not constitute an agreement to forgo child support collection in return for the relinquishment of visitation.
Furthermore, as set forth by the Eleventh Appellate District, a parent cannot "claim that he was prejudiced by not having a relationship with his child when at all times he had an available remedy through the courts to enforce his visitation rights."Donovan, supra at 251. See, also, Greenfield v. Cobb (1993),90 Ohio App.3d 618 (stating that an arrearage is not excused based on an alleged interference with visitation and that an eleven year delay in bringing the action is not unreasonable)
Accordingly, the trial court's judgment is reversed in so far as it awards child support arrearage to persons other than Ms. Zook. Hereafter, all arrearage payments from Mr. Critser shall be forwarded from CSEA to Ms. Zook.
 CROSS-ASSIGNMENT OF ERROR
Due to the preceding analysis, Mr. Critser's cross-appeal is moot. Mr. Critser's sole assignment of error states that the court lacked jurisdiction to enter judgment in favor of the parties' emancipated son who was not a party to the proceedings. Since we reversed and awarded child support arrearage to Ms. Zook, who was the plaintiff, this assignment need not be addressed.
Cox, P.J., Waite, J., concurs.
APPROVED:
 __________________________ JOSEPH J. VUKOVICH, JUDGE