**KANSAS STATE DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES, Plaintiff–Appellee,**

v.

**Ralph HENDERSON, Defendant–Appellant.**

No. 80CA0276.

Colorado Court of Appeals, Div. I.

Nov. 13, 1980.

. S. Morris Lubow, County Atty., Jack R. Hoffman, Asst. County Atty., Commerce City, for plaintiff–appellee.

Brian T. McCauley, Westminster, for defendant–appellant.

COYTE, Judge.

Defendant, Ralph Henderson, appeals from a judgment of the Adams County District Court entered in a Uniform Reciprocal Enforcement of Support Act action ordering him to pay child support. We affirm.

Defendant and Marilyn Henderson had their marriage dissolved in 1975 by the Denver District Court. At that time the defendant was ordered to pay child support for their one minor child. In 1976 the parties entered into a stipulation which provided, *inter alia*, that neither party would remove the child from Colorado for more than fourteen days without the written consent of the other party or an order of the court. Subsequently, the mother and child moved to Kansas without defendant's consent or a court order.

On June 8, 1979, the Denver District Court, on application of defendant entered an order abating the payment of child support by the defendant until a further hearing was held.

The Kansas State Department of Social and Rehabilitation Services filed its URESA petition in the Denver District Court, but the complaint was forwarded to the Adams County District Court upon discovery that the husband was a resident of Adams County. The Adams County District Court on February 26, 1980, found that it had both subject matter and personal jurisdiction. It then found that defendant had a duty to provide child support.

■ The central issue is what effect an order abating child support in one Colorado court has on a subsequent petition to enforce child support under URESA. Defendant contends that the Adams County District Court erred in issuing a support order since the Denver District Court, which had continuing jurisdiction, had already issued an order abating the child support. We disagree.

URESA confers jurisdiction over child support matters notwithstanding prior action in other proceedings. A court acting on a petition under URESA may not dismiss the petition simply because another court has already issued a support order in some other proceeding. Section 14–5–131, C.R.S. 1973.

■ Defendant was properly served and is subject to the jurisdiction of the Adams County District Court. Thus, the Adams County District Court has jurisdiction to entertain the present URESA action and to enter whatever support orders are proper. *See Gruber v. Wallner*, Colo., 598 P.2d 135 (1979).

Defendant next contends that the doctrines of res judicata and collateral estoppel bar this action. We disagree.

■ The fallacy of defendant's argument is his assumption that a URESA action and an action for support entered under a dissolution of marriage decree involve the same claim or raise the same issue. *See Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1973). A support order by a Colorado court, as the responding court in a URESA proceeding, does not affect the parties' rights and duties under the decree, *see Partridge v. Partridge*, Colo.App., 601 P.2d 662 (1979), because the remedies under URESA are "in addition to and not in substitution for any other remedies." Section 14–5–104, C.R.S. 1973. Also, "a responding court shall not stay the proceeding or refuse a hearing under this article because of any pending or prior action or proceeding for ... dissolution ...." Section 14–5–131, C.R.S. 1973.

■ Defendant lastly contends that his former wife, or plaintiff standing in her shoes here, is estopped from pursuing the remedies of URESA because of her unclean hands. We disagree.

■ Alleged parental misconduct, even if true, does not affect the right of the child to support. *County of Clearwater v. Pe-*

*trash*, Colo., 598 P.2d 138 (1979). The only real issue in a URESA action is the entitlement of a dependent to support by one legally liable and able to support. *Vigil v. Vigil*, 30 Colo.App. 452, 494 P.2d 609 (1972). The remedies available under URESA were properly pursued here and the equitable doctrine of unclean hands will not relieve the father of his duty to support his child. *See Partridge v. Partridge, supra* ; § 14–5–104, C.R.S. 1973.

Judgment affirmed.

PIERCE and RULAND, JJ., concur.