In re the MARRIAGE OF Gail Marie BARNES, Appellant,

and

Roland Henry Barnes, Appellee.

No. 84CA0232.

Colorado Court of Appeals, Div. III.

Nov. 1, 1984.

Law offices of Richard P. Daly, P.C., Richard P. Daly, Denver, for appellant.

Roland Henry Barnes, pro se.

BABCOCK, Judge.

This is an action pursuant to § 14–14–107, C.R.S. (1983 Cum.Supp.) (subsequently amended, *see* Colo.Sess.Laws 1984, ch. 115, § 14–14–107 at 480). Gail Marie Barnes (wife) appeals the denial of her motion for wage assignment against her former husband, Roland Henry Barnes (husband), for overdue child support and maintenance. We reverse.

The parties' 1981 dissolution of marriage decree ordered husband to pay $280 per month as child support and $280 per month as maintenance. Payments were to be made twice a month through the registry of the court.

In her verified motion for wage assignment for past due support and maintenance, filed in December 1983, wife alleged that husband had failed to make payments due on January 15 and June 15, 1983. A copy of the court registry was attached and supported this averment. Wife requested that the clerk of the court be directed to execute a wage assignment.

Within the time permitted by § 14–14–107(2)(c), C.R.S. (1983 Cum.Supp.), husband filed his written objections to the motion, asserting that he had made 84 of 86 payments. With respect to the January 15 payment, he alleged that his records indicated that payment had been made and he was unaware it had not been received. As to the June payment, he conceded that it was delinquent. He stated that unexpected medical bills had prevented him from paying it and that he was preparing to pay it in early January 1984.

Wife thereafter requested in writing an immediate order for a wage assignment, and stated that a hearing was not necessary because husband had admitted the arrearages. In a further response, husband reiterated his objection to the wage assignment.

The trial court denied without a hearing the request for a wage assignment. It found that husband had met his support obligation except for two payments and that "the circumstances surrounding this case do not justify an order for wage assignment."

Wife contends that § 14–14–107(2)(c), C.R.S. (1983 Cum.Supp.) mandates a hearing where, as here, objections are filed to a motion for wage assignment. She further asserts the trial court erred in considering factors other than those enumerated in the statute. We conclude that an order for wage assignment is mandatory here.

Section 14–14–107(2), C.R.S. (1983 Cum. Supp.) provides for wage assignment for the delinquent amount of the child support obligation and for maintenance where combined with child support when the person owing a duty of support has failed to make a payment required by a support order within 30 days of its due date. A wage assignment executed by the clerk of the court is mandatory if no response is made to the motion. Subsection (c) provides in pertinent part:

> "The obligor may file a written objection within twenty days after filing ... stating that the payment was not due or that it was paid when due. If an objection has been filed, a hearing on the objection must be set by the court ... however, the sole issue before the court is whether the payment was due or whether it was made when due ...."

■ If the language of a statute is plain and the meaning is clear, must be enforced as written. *Briggs v. Cornwell*, 676 P.2d 1252 (Colo.App.1983). The above-quoted statute is unambiguous in requiring that if a proper objection to a motion for wage assignment is filed, a hearing must be held. However, this is true only if the objection states one of the two permissible defenses to the motion: That the allegedly delinquent payment was not due or that it was paid. Section 14–14–107(2)(c), C.R.S. (1983 Cum.Supp.). Thus, if, as here, one of these two defenses is not asserted, then a hearing should not be held.

■ The statutory language is also clear that the order for wage assignment is mandatory if the obligor cannot establish one of the two specified defenses. Moreover, the legislative history of the statute supports this conclusion. *See BQP Industries, Inc. v. State Board of Equalization,* 694 P.2d 337 (Colo.App.1984). During hearings before the Senate and House Judiciary Committees, sponsors and proponents of the legislation explained that the purpose of the new subsection (2) was to effect a mandatory and expedited procedure for wage assignment when default in a child support payment occurred; provision for a limited hearing was included to afford the obligor due process. *Hearings on S.B. 51 before the Colorado Senate Judiciary Committee,* 54th General Assembly, First Session, January 5, 1983; *Hearings on S.B. 51 before the Colorado House of Representatives Judiciary Committee,* 54th General Assembly, First Session, April 14, 1983. While the General Assembly may not have foreseen the applicability of the statute to the circumstances of this case, the statutory scheme requires the result here, and this court must enforce the statute as written. *See Dawson v. Public Employees' Retirement Ass'n,* 664 P.2d 702 (Colo.1983).

The order of the trial court is reversed and the cause is remanded for entry of an order for wage assignment for past due support and maintenance.

BERMAN and METZGER, JJ., concur.