In re the **MARRIAGE OF Dan Raymond ENEWOLD,**
Appellant,

and

**Belinda W. Enewold, a/k/a Lindy Enewold, Appellee.**

No. 84CA0896.

Colorado Court of Appeals,
Div. II.

Oct. 31, 1985.

Walter E. Brown, III, Glenwood Springs, for appellant.

No appearance for appellee.

STERNBERG, Judge.

Dan R. Enewold (the father) brings this *ex parte* appeal from an order of the Garfield County District Court entered in April 1984 following a hearing on a contempt citation based on his failure to obey certain provisions in the decree of dissolution of his marriage to Belinda Enewold (the mother). We affirm in part and reverse in part.

The marriage of the parties was dissolved by decree of the Garfield County District Court in 1980. In accordance with the terms of their separation agreement incorporated into the decree, custody of the two minor children of the marriage was granted to the mother, the father was ordered to pay $190 per month (with an automatic annual increase based on the consumer price index) per child as child support, and, in order to balance the property division, the mother was directed to execute an interest bearing promissory note and deed of trust in favor of the father in the amount of some $5481. The court also ordered that a trust be established for the children consisting of silver coins of the parties and that each party execute the trust documents.

In 1981, the mother and children moved to Connecticut. Thereafter, the mother initiated a Uniform Reciprocal Enforcement of Support (URESA) action in Connecticut to collect child support. Pursuant to the provisions of Colorado's version of URESA, § 14–5–101, et seq., C.R.S., the matter was forwarded to the Garfield County District Court as the responding court. The district attorney represented the mother in this proceeding.

In May 1982, the court approved a stipulation between the father and the district attorney in the URESA action whereby the father was ordered to pay $200 per month as child support. Arrearages were found to total $3045. At a review hearing held in August 1982, the court ordered him to pay monthly $100 on the arrearages and $100 as child support. He complied with these orders.

The mother returned to Garfield County and, in March 1984, filed a motion in the dissolution action for a contempt citation, alleging the father had willfully failed to comply with the dissolution action support orders of $380 per month and attendant inflation-caused increases. She also sought

some $6800 in arrearages, and further alleged the father had failed to create the trust of the silver coins for the children. The mother additionally moved the court to set aside the 1982 URESA action orders.

Following a hearing in April 1984, the court dismissed the URESA action. The same court then determined that the URESA orders did not supersede the orders previously entered in the dissolution action, that the father was "in willful contempt" of the court's prior orders "for his failure to pay child support" and "for his failure to obey the trust provisions concerning the silver to be held in trust for the benefit of the children." It found the arrearages to be $7,075, and, in order to satisfy the arrearages, the court, with the approval of the mother, cancelled the promissory note and deed of trust given the father by the mother. The court further ordered the father to pay $1000 of the mother's attorney fees, and ordered him to place the silver coins in a safety deposit box paid for by him, with the mother to have joint access.

## I.

The father first argues that the order entered in the URESA action excused him from payment of any amount in excess of the amount ordered in that action. We do not agree.

■ The remedies provided under URESA "are in addition to and not in substitution for any other remedies." Section 14-5-104, C.R.S. A support order issued by a court of this state when acting as a responding state under URESA does not nullify or affect the parties' rights and duties under prior orders for support entered in the dissolution of marriage action unless the issue of modification of the prior order has been specifically raised, noticed, and litigated by the parties and resolved by the trial court. Section 14-5-132, C.R.S.; *Kansas State Department of Social & Rehabilitation Services v. Henderson*, 620 P.2d 60 (Colo.App.1980); *Partridge v. Partridge*, 43 Colo.App. 253, 601 P.2d 662 (1979). This is so even when, as here, the

same court issued the orders in both actions.

■ In the URESA proceeding, the issue of modification of the orders in the dissolution action was not before the court. Therefore, the father was not relieved of his duty to continue paying the amount prescribed in those orders, and the trial court was correct in finding the father to be in arrears for the difference between the amount paid under the URESA orders and the amount required under the dissolution orders. Also, in this regard, contrary to the father's contention, there was no error in the court's computation of the amount of the arrearage.

## II.

■ In view of our holding in I above that the URESA action orders do not nullify or affect the parties' rights and duties under the prior dissolution action orders, we disagree with the father's contention that the existence of the URESA orders calling for smaller payments insulates him from a finding of contempt. "[D]isobedience ... of any person to ... any lawful ... order ... shall constitute contempt." C.R.C.P. 107(a). The father did not comply with the dissolution action support orders, and there was evidence that this non-compliance, at least in part, was willful. Therefore, the trial court's finding that he was "in willful contempt" of these orders is conclusive. *Wall v. District Court*, 146 Colo. 74, 360 P.2d 452 (1961).

## III.

We do agree with the father that the court erred in finding him in contempt because of his "failure to obey the trust provisions" concerning the silver coins to be held in trust for the benefit of the children.

The decree calls for this silver to "be placed in a safety deposit box in one of the banks in Glenwood Springs, Colorado, and

held there pursuant to a trust agreement which the parties agree to execute, naming George York as trustee...." The evidence at the contempt hearing indicated that George York declined to serve as trustee and that the father consequently had maintained the silver in a safe deposit box and placed it with the court for disposition during the contempt proceeding.

■ As the decree neither specified a time for the execution of the trust, nor made provision for refusal by the nominated trustee, and further because it called for the mutual execution of the trust by the parties, it cannot be said the father's "failure to obey the trust provisions" was willfully contemptuous.

### IV.

■ The father next objects to the trial court's order that the arrearages in support be satisfied by cancelling the promissory note and deed of trust executed by the mother. That note was given to the father as a part of the property settlement. As such, a new disposition of the note could not be made unless the court found the existence of conditions that justify the reopening of a judgment. Section 14–10–122, C.R.S.; *see In re Marriage of Lowery,* 195 Colo. 86, 575 P.2d 430 (1978). The trial court having made no such findings, its order in this regard cannot stand.

### V.

As a consequence of its findings of contempt, the trial court awarded the mother $1000 in attorney fees. Contrary to the father's contention, there was no abuse of discretion in this regard. C.R.C.P. 107(d).

### VI.

The father's other contentions for reversal are without merit.

The judgment of contempt for failure to comply with the dissolution action support orders, the finding of the amount of the arrearage, and the award of attorney fees are affirmed. The judgment of contempt for failure to obey the trust provisions and

the order concerning cancellation of the note and deed of trust are reversed.

SMITH and VAN CISE, JJ., concur.