**Diane Knight HENRY,
Petitioner-Appellee,**

v.

**Paul Edward KNIGHT,
Respondent-Appellant.**

**No. 85CA0528.**

Colorado Court of Appeals,
Div. II.

July 2, 1987.

Rehearing Denied Aug. 20, 1987.

Certiorari Denied Dec. 14, 1987.

Kurt P. Schulke, Dist. Atty., Peter F. Michaelson, Deputy Dist. Atty., Breckenridge, for petitioner-appellee.

Callan & Associates, P.C., Janice K. Marshall, David R. Lass, Breckenridge, for respondent-appellant.

SMITH, Judge.

In this proceeding under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), the trial court entered support orders and also directed entry of judgment against respondent, Paul Edward Knight, for arrearages in child support which had accrued under a Massachusetts decree of dissolution. On appeal by respondent, we affirm the support orders but reverse the order directing entry of judgment for arrearages.

The marriage of the parties was dissolved in 1974 by a Massachusetts court. It is alleged here that the Massachusetts decree required respondent to pay $50 per week for the support of their minor child until further order of court.

Respondent immediately moved to Grand County, Colorado, and an action under the Massachusetts Uniform Reciprocal Enforcement of Support Act (Massachusetts URESA) was initiated. In February 1975 the District Court of Grand County, Colorado, in response to the Massachusetts URESA action determined that respondent had a duty to support, but determined, based upon respondent's financial circumstances, that he could pay only $50 per month. An order directing such payments was entered and was fully complied with.

Some seven years later, petitioner initiated a new URESA action in Massachusetts seeking support in the amount of $50

per week for the minor child of the parties. This action was directed to the District Court of Summit County where respondent now resides. At the hearing on that petition in May of 1984 the court again found that a duty of support existed. It entered an order directing respondent to pay $200 per month based on the circumstances it found then existed.

That court, however, went further and also entered a judgment for arrearages in the amount of $18,450 which allegedly represented the difference between what respondent had paid pursuant to the Grand County order and the amount originally ordered in the Massachusetts dissolution decree. Respondent has consistently admitted his duty of support and does not contest any of the support orders entered. It is undisputed that he has fully complied with all such orders entered both in Grand and Summit Counties. He contends, however, that the judgment for arrearages was erroneously entered. Under the circumstances presented here, we agree.

## I.

■ Respondent's first argument, that the initial Grand County RURESA order modified the original Massachusetts decree relative to child support and thus relieved him from the accrual of arrearages, is without merit. A support order entered by a Colorado Court, as the responding court in a RURESA action, does not affect the party's rights and duties under the original decree. *Kansas State Department of Social & Rehabilitation Services v. Henderson*, 620 P.2d 60 (Colo.App.1980); *Partridge v. Partridge*, 43 Colo.App. 253, 601 P.2d 662 (Colo.App.1979). The remedies provided by RURESA are in addition to, and not in substitution for, any other remedies that may exist. Section 14–5–104, C.R.S. Consequently, respondent's obligation for arrearages under the Massachusetts decree must be determined by reference to that decree and the total amount of money that has been paid over the years as child support regardless of how such payments may have been obtained.

## II.

The issue, however, of the authority of the district court in Summit County to enter a judgment for arrearages in this case under RURESA is a different matter. Under Colorado's statutory scheme, there are three separate methods by which an obligee under another state's child support orders may cause arrearages under those orders to become the basis for a Colorado judgment.

First, under the provisions of § 13–53–101, et seq., C.R.S., such obligee may cause arrearages to be reduced to judgment in the state where the orders were originally entered. The obligee may then file an authenticated copy of such judgment in the district court in Colorado. After notice to the obligor, the foreign judgment will be enforced in the same manner as a Colorado judgment.

Second, under § 14–11–101, C.R.S., such obligee may commence an action in Colorado by docketing exemplified copies of all written pleadings, court orders, judgments, and decrees which comprise the case in the state of origin, and, after personal jurisdiction is obtained upon the obligor, the district court of Colorado will have complete jurisdiction over the subject matter and the persons to the same extent as if the case had been originally filed in Colorado. Under this procedure, the Colorado court will have the power to amend, modify, set aside, and enforce any existing foreign orders to the full extent of its powers under Colorado law.

Thirdly, under Colorado's RURESA, § 14–5–101, et seq., C.R.S., a special procedure is authorized by which the obligee under a foreign support order may, by filing in the Colorado court three certified copies of such order, and any modifications thereto, together with a copy of the foreign state's Reciprocal Enforcement of Support Act, confer on the Colorado court the authority to enforce such order in the same manner as if it were a Colorado support order. Upon notice to obligor of obligee's intention to follow this procedure, the prosecuting attorney must proceed to enforce such foreign order. Sections 14–5–137

through 14–5–141, C.R.S. This procedure is a specific optional alternative which may be elected in place of the general customary procedure under RURESA. *In re Marriage of McMahan,* 660 P.2d 515 (Colo.App. 1983). Unless the obligee specifically elects to follow this alternative procedure, the Colorado court is required only to determine the existence of a current duty of support and to enter appropriate new orders designed to satisfy that obligation.

Under the alternative RURESA procedure, however, the extent of the respondent's duty of support is not determined from the facts alleged in the complaint but rather is derived by giving full faith and credit to the foreign order. The manner in which such registered orders shall then be treated and enforced is set out in § 14–5–141(1), C.R.S., which states:

"Upon registration, the registered foreign support order shall be treated in the same manner as a support order issued by a court of this state. It shall have the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this state and may be enforced and satisfied in like manner."

■ Our RURESA specifically provides that the obligation to pay arrearages may be enforced under the act. Section 14–5–103(2) and 14–5–110, C.R.S. We are convinced, however, from our consideration of the act as a whole, and an analysis of the differences among the procedures provided therein, that the matter of arrearages can only be dealt with under the alternative registration provisions of the act. Thus, we hold that only under this alternative procedure may a judgment for arrearages be entered in a RURESA action by a Colorado court.

Absent an election by the obligee to utilize the alternative registration procedure in a RURESA action, the request from the initiating state is comprised of a complaint which alleges facts from which it may be determined that a duty of support presently exists and that the obligor is present in, or has property in, the responding state. Information concerning the current finan-

cial needs of the obligee child or children is attached. Also required is a certificate of a court of the initiating state in which it states that it believes sufficient facts are stated to determine a duty of support and that obligor may be found in the responding state.

There is no requirement that copies of previously entered support orders be included in the initiating state's submission. The amounts of support that have been previously ordered in the iniating state have little relevance in a proceeding under the general provisions of RURESA where a new order based on current need and circumstances is sought.

■ In fact, our appellate courts have held, in RURESA proceedings, that once the determination has been made that the obligor has a duty of support, trial courts are free to enter such orders as are consistent with the needs and requirements of the child or children and with the abilities of the obligor, without reference to any prior support orders. A Colorado court's order of support entered in such proceedings may be less than the original order. *See Gruber v. Wallner,* 198 Colo. 235, 598 P.2d 135 (1979). It may be in a greater amount than the original order. *See Rohrer v. Kane,* 44 Colo.App. 85, 609 P.2d 1121 (1980). And, such order may even be entered when payments under the original order have been abated. *See Kansas State Department of Social & Rehabilitation Services v. Henderson, supra.*

It is thus readily apparent that RURESA orders of support, entered by Colorado as a responding state, are based upon a finding of current duty to support and the present circumstances of the parties and are not intended to enforce obligations arising under the terms of prior foreign support orders. The alternative registration procedure contained in the act, on the other hand, is specifically designed to enforce the terms of support orders previously entered by other states, or to modify them according to Colorado law.

■ In the instant case, petitioner did not, in her petition, seek either enforce-

ment of prior orders, or a judgment for arrearages. She did not elect to follow the alternative procedure for registration provided by RURESA. Rather, she sought a current support order based on present needs and duty to support.

The matter of arrearages was first raised by the referee who initially heard the matter in Summit County. He entered the original order for judgment on the arrearages that he was advised would currently be due under the Massachusetts decree.

It is significant that no certified or authenticated copy of the original decree, setting forth the original child support order, was ever properly before the Summit County District Court. It is likewise significant that the Massachusetts URESA, a copy of which was attached to the complaint, is substantially similar to the RURESA *only* as it relates to the general determination of duty to support and entry of current orders relative thereto. It does not contain *any* reference to arrearages as does our act. It is completely void of *any* registration procedure or other method for registering and enforcing obligations arising out of existing support orders.

Therefore, even if we were to hold that the court had the authority, *sua sponte*, to convert petitioner's application to one under the alternative provisions of § 14–5–137 through 14–5–141, C.R.S., entry of the judgment would have been erroneous because: 1) the decree containing the order sought to be enforced was not before the court; and 2) while the Massachusetts URESA was substantially similar to the RURESA relative to enforcement of duty of support generally, Massachusetts had no substantially similar law to Colorado's relative to registration and enforcement of prior orders.

Thus, since the trial court lacked authority to enter a judgment for arrearages under the general provisions of the act, and could not proceed under the alternative procedure, that portion of its order which directed entry of judgment for arrearages is void. We find no error in that portion of

the order determining duty of support and requiring payments concerning the same.

Accordingly, the order is affirmed insofar as it requires respondent to pay current support of $200 per month, and is reversed insofar as it directs entry of judgment on arrearages, and the cause is remanded for continuing supervision under the provisions of the RURESA.

STERNBERG and METZGER, JJ., concur.