## UNION PACIFIC RAILROAD COMPANY, a corporation, Plaintiff–Appellee,

v.

## ALLIED CHEMICAL CORPORATION, Defendant–Appellant.

### No. 84CA1292.

Colorado Court of Appeals, Div. I.

Jan. 28, 1988.

Rehearing Denied Feb. 25, 1988.

Certiorari Denied June 13, 1988.

Gorsuch, Kirgis, Campbell, Walker and Grover, Jane D. Smith, Denver, for plaintiff-appellee.

Madden and Strate, P.C., William J. Madden and James W. Avery, Wheat Ridge, for defendant-appellant.

PIERCE, Judge.

Plaintiff, Union Pacific brought this action against Allied Chemical Corporation seeking recovery under an indemnification agreement for the amount plaintiff had agreed to pay an employee of defendant in settlement of a personal injury action. From a judgment for plaintiff, defendant appeals. We reverse.

Allied Chemical owned and operated a railroad car service facility in Wyoming to which railroad cars were delivered by Union Pacific in order to have them filled with soda ash. The cars were delivered and placed single file on a side track near the soda ash hopper. In groups of approximately twelve, a row of cars was moved by cable so that the lead car was aligned under the soda ash hopper. After it was filled, the entire row of cars was moved forward in order to fill the next one. Each car was equipped with an automatic coupling and uncoupling device which allowed the filled car to be released from the other cars and to travel down an incline onto a set of storage tracks.

In 1978, one of Allied Chemical's employees, Thomas Backstrom, was injured while attempting to release the uncoupling device of the lead car. When the device failed to release, Backstrom attempted to uncouple it by pulling the pin lever. After the lever failed to release, Backstrom maneuvered between the moving cars to the opposite side of the tracks. He then made repeated efforts to pull the pin lever, but to no avail. At that point, Backstrom placed his foot on the rail in an effort to gain some leverage. He was severely injured when his leg was caught under a moving railroad car.

Thereafter, Backstrom brought suit in Colorado against Union Pacific alleging a violation of the Safety Appliance Act, 45 U.S.C. § 2. Backstrom sought damages in excess of $1,000,000 for injuries caused as a result of Union Pacific's alleged infraction. Several years later, Backstrom and Union Pacific reached a settlement agreement whereby Union Pacific agreed to pay Backstrom $150,000. However, Allied Chemical was not notified of the settlement until several months after the agreement.

Plaintiff then brought this suit against Allied Chemical seeking indemnification for the full sum of the settlement pursuant to an auxiliary agreement between the parties. The trial court found that Backstrom's injuries were the result of Allied Chemical's negligence in condoning the conduct of its employees in maneuvering between moving railroad cars. The court also found that because a large jury verdict could have been rendered if Backstrom's case had gone to trial, the settlement agreement was reasonable. Accordingly, the trial court entered judgment in favor of Union Pacific for the full amount of the settlement agreement.

I

Allied Chemical contends that the indemnification clause of the auxiliary agreement is inapplicable to the facts of this case. We agree.

The indemnification clause at issue here provided that:

"[Allied Chemical] also agrees to indemnify and hold harmless [Union Pacific] for loss, damage or injury from any act or omission of [Allied Chemical], its employees or agents, to the person or property of the parties hereto and their employees and agents, and to the person or property of any other person or corporation while on or about the track; and if any claim of liability other than from fire shall arise from the joint or concurring negligence of the parties hereto, it shall be borne equally by them."

The obvious intent of the clause is to indemnify Union Pacific for any loss it suffers as a result of Allied Chemical's acts or omissions. The only issue, therefore, is whether the settlement reached between Backstrom and Union Pacific can be said to be a loss suffered as a result of Allied Chemical's acts or omissions.

The record shows that Backstrom's complaint against Union Pacific was based solely upon the failure of its equipment to operate properly. As Union Pacific concedes, such failure of its equipment is a strict liability claim under Section 2 of the Safety Appliance Act. *See O'Donnell v. Elgin, Joliet & Eastern Ry. Co.,* 338 U.S. 384, 70 S.Ct. 200, 94 L.Ed. 187 (1949). Thus, even if the amount of the settlement agreement was a loss suffered by Union Pacific, such loss was not the result of any acts or omissions of Allied Chemical; rather, the loss was attributable only to the liability of Union Pacific that arose solely under the Act. Hence, since the negligence of Allied Chemical, or its employees, was not the basis for Backstrom's recovery against Union Pacific, Union Pacific is not entitled to indemnification under the agreement at issue. To hold otherwise would frustrate the purpose of the Safety Appliance Act and allow Union Pacific to insulate itself from its requirements.

Plaintiff argues that the trial court found Allied Chemical negligent in condoning the practice of its employees in maneuvering between moving railroad cars, and it concludes, therefore, that the settlement was a loss caused by the act or omission of Allied Chemical. This argument fails for two reasons.

First, even if we assume the trial court's findings to be correct, Allied Chemical's negligence would not provide Backstrom with a cause of action against Union Pacific. Rather, Backstrom's claim was based solely on Union Pacific's strict liability under the Safety Appliance Act. Therefore, any settlement could only represent that sum for which Union Pacific believed it could be held accountable based upon its own failure to comply with the requirements of the Act.

Second, both parties agree that it is questionable whether contributory negligence, or comparative negligence, is an available defense to a claim brought by a non-employee under the Safety Appliance Act. *Compare Reynolds v. Burlington Northern, Inc.,* 621 P.2d 1028 (Mont.1980) *with Hunter v. Missouri Kansas Texas R.R. Co.,* 276 F.Supp. 936 (N.D.Okla.1967), *aff'd,* 433 F.2d 352 (10th Cir.1970).

In *Crane v. Cedar Rapids & Iowa City Railway,* 395 U.S. 164, 89 S.Ct. 1706, 23 L.Ed.2d 176 (1969), the Supreme Court held that the applicability of contributory negligence is to be determined by state law; and Wyoming, the controlling law of Backstrom's claim against Union Pacific, remains unsettled on the issue. Nevertheless, there is no doubt that this uncertainty in the applicability of the defense is reflected in the amount of the settlement. Therefore, the resulting amount of the settlement could only reflect that sum which Union Pacific recognized it could be held accountable for under the strict liability standard of the Act, notwithstanding any defense of comparative negligence it may have had against Backstrom.

Accordingly, the amount of the settlement agreement can only be viewed as a loss suffered because of Union Pacific's own failure to comply with the requirements of the Act. Hence, there was no basis to award Union Pacific indemnification for the settlement of a lawsuit that was based solely upon its own absolute liability.

The judgment of the trial court is reversed, and the cause is remanded with directions to dismiss the complaint.

METZGER and CRISWELL, JJ., concur.