In re the MARRIAGE OF Martha
Ann WATTERS,

and

James Eugene Watters, Appellee,

and Concerning

the People of the State of
Colorado, Appellant.

No. 88CA1442.

Colorado Court of Appeals,
Div. II.

Oct. 26, 1989.

Vahsholtz & Anderson, P.C., Robert J. Anderson, Colorado Springs, for appellee.

Jann P. DuBois, Deputy Dist. Atty., Colorado Springs, for appellant.

Opinion by Judge FISCHBACH.

In this action to protest activation of a wage assignment for child support, the trial court, although acknowledging the propriety of the assignment in part, upheld the objection with respect to the amount that could be lawfully withheld. In so doing, the court corrected a computational error made by the El Paso County District Attorney's Office. Pursuant to § 14–14–107(9)(e), C.R.S. (1987 Repl.Vol. 6B), it also directed the District Attorney to reimburse the protesting party, James Eugene Watters, for a portion of the attorney fees he incurred in objecting to the assignment. The District Attorney appeals the award of attorney fees, asserting primarily

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

that such an award is not authorized when a wage assignment is proper but, by virtue of computational error, the amount is excessive. We disagree and, therefore, affirm the trial court's order.

Section 14–14–107, C.R.S. (1987 Repl.Vol. 6B) sets forth the procedure for instituting an assignment of a child support obligor's wages. When, as here, a wage assignment is to be activated because of the obligor's failure to make required support payments when due, the obligor must be sent a notice of activation. Section 14–14–107(5)(c), C.R.S. (1987 Repl.Vol. 6B). If the obligor fails to object in a timely manner to activation of the assignment, notice may be sent directly to the obligor's employer to begin withholding the assigned amount. Section 14–14–107(7). C.R.S. (1988 Cum.Supp.).

The only procedure for filing such an objection is § 14–14–107(9), C.R.S. (1987 Repl.Vol. 6B), which specifies two exclusive bases for objecting: (a) the payment was not due, or (b) the payment was made when due. If an objection is entered, attorney fees and costs are to be awarded to the prevailing party. Section 14–14–107(9)(e), C.R.S. (1987 Repl.Vol. 6B).

## I.

■ The District Attorney asserts that because § 14–14–107(9) does not include the defense that the full amount claimed is not due, the defense is not contemplated by the statute and, therefore, success on such a defense does not authorize an award of attorney fees. Because this argument unnaturally contorts both the terms and intent of the statute, we disagree.

Contrary to the District Attorney's argument, within the plain meaning of the two specified grounds for an objection pursuant to § 14–14–107(9) is the ground on which Watters, in effect, relied: part of the amount designated in the Notice of Assignment was not due and, therefore, could not be withheld.

In addition, the intent of the statute as a whole is to facilitate the assignment of an obligor's wages only for amounts due and owing, thus affording the obligor due process. *See In re Marriage of Barnes,* 692

P.2d 329 (Colo.App.1984). If an excessive assignment amount were not covered by § 14–14–107(9), the sole vehicle for objection authorized by the statute, an obligor would be denied a judicial forum to correct the error. We cannot presume that the General Assembly contemplated such an unjust and unnatural consequence. *See City & County of Denver v. Holmes,* 156 Colo. 586, 400 P.2d 901 (1965).

## II.

■ We also reject the District Attorney's implication that the award of attorney fees was unjustified because Watters did not prevail on a sufficiently significant issue.

■ To be a prevailing party for the purpose of an award of attorney fees pursuant to a statute or contract, the applicant must have succeeded upon a significant issue presented by the litigation and must have achieved some of the benefits that he sought in the lawsuit. *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Overland Development Co. v. Marston Slopes Development Co.,* 773 P.2d 1112 (Colo.App.1989). But, a party need not prevail upon the "central" issue, only upon a significant one. *Overland Development Co. v. Marston Slopes, supra.*

Here, the skeletal record does not reveal whether Watters objected on any ground other than the excessive amount. On that ground he prevailed. If this issue was the only issue, it was clearly significant to the litigation. If it was one of several issues, in the absence of a more complete record we must presume that the record supports the trial court's award. *See Alessi v. Hogue,* 689 P.2d 649 (Colo.App.1984).

## III.

■ The District Attorney also contends that the district court erred in the amount of attorney fees assessed against it. We disagree.

At the attorney fee hearing, the obligor presented an affidavit listing the $450 fee

incurred and attesting to its reasonableness. The District Attorney presented no evidence to dispute this, but only argued that some of the fees were unreasonable as they were incurred after the district attorney's office had withdrawn. Because there is no evidence to controvert it, the district court's finding that the obligor is entitled to the payment of $300 of his fees by the district attorney is binding on this court. *See Johnson v. Smith*, 675 P.2d 307 (Colo. 1984).

The remaining contention of error is completely meritless.

Order affirmed.

SMITH and TURSI, JJ., concur.