In re the MARRIAGE OF Anita Louise SABALA, Appellant,

and

Richard Albert Sabala, Appellee.

No. 89CA0985.

Colorado Court of Appeals, Div. IV.

Oct. 11, 1990.

Rehearing Denied Nov. 15, 1990.

Machol and Machol, P.C., Wendy L. Merrill, Bruce Myr Flossic, Denver, for appellant.

Law Offices of Paul E. Vranesic, Michael A. McManus, Denver, for appellee.

Opinion by Judge RULAND.

Anita Louise Sabala, mother, appeals the order of the trial court denying her motion for wage assignment. We affirm in part, reverse in part, and remand for further proceedings.

In 1980, the marriage of the parties was dissolved in Colorado. In June 1982, the parties stipulated that child support would increase to $325 per month for the parties' two minor children. Richard Albert Sabala, father, failed to pay support, and consequently, mother instituted actions in California under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), § 14–5–101, et seq. (1987 Repl.Vol. 6B).

A California court, acting as the responding court, entered an order on February 9, 1987, determining that father was in arrears $7,429 in his child support obligation as of November 30, 1986. Later in 1987, an order was entered assigning father's wages for payment of the monthly support together with the monthly amount ordered for arrearages.

In May 1988, mother filed in Colorado a verified entry of judgment pursuant to § 14–10–122(1)(c), C.R.S. (1990 Cum.Supp.), claiming arrearages in the amount of $18,058.85 plus interest of $5,173.12, from May 1, 1982, through April 1, 1988. In response

to an advance notice of activation of wage assignment, father objected. Among other things, he asserted that the California order of February 9, 1987, was res judicata as to the amount of arrearages and as to the amount to be withheld from his wages.

The trial court concluded that it was required to give full faith and credit to the California order and therefore denied mother's request for activation of a wage assignment. The court also partially granted father's request for attorney fees under § 14–14–107(9)(e), C.R.S. (1987 Repl.Vol. 6B).

## I

First, mother asserts that the trial court erred in concluding that it must give full faith and credit to California's reciprocal support order. We disagree.

## A

■ RURESA provides a procedure to enforce the duties of support of a deserting spouse. *See* § 14–5–101, et seq., C.R.S. (1987 Repl.Vol. 6B). A responding court that has jurisdiction over a deserting spouse may enter an order for arrearages that have accrued under a "duty of support." *See* Cal.Civ.Proc.Code, § 1682 (West 1982); § 14–5–103(2), C.R.S. (1987 Repl.Vol. 6B) and § 14–5–125, C.R.S. (1990 Cum.Supp.). A "duty of support" includes the duty to pay arrearages owing under an order of "any court" entered in connection with a dissolution proceeding. *See* § 14–5–103(2), C.R.S. (1987 Repl.Vol. 6B).

After the California court's determination of arrearages and before mother instituted this action, the Colorado General Assembly added § 14–5–110(2), C.R.S. (1987 Repl.Vol. 6B) to our RURESA. This section provides that:

"Any arrearages that have become a support judgment, which is final by operation of law of this state, or of any other jurisdiction, shall be given full faith and credit for enforcement purposes."

Mother contends that since she was trying to enforce the Colorado dissolution decree and not the California order, § 14–5–110(2) does not apply. We disagree.

If the language of the statute is plain and the meaning is clear, the intent of the General Assembly is thereby established and the statute must be enforced as written. *In re Estate of David,* 776 P.2d 813 (Colo.1989); *Briggs v. Cornwell,* 676 P.2d 1252 (Colo.App.1983). The plain meaning of § 14–5–110(2) requires that full faith and credit be given to a final order for arrearages entered by a responding court under RURESA. Therefore, the trial court properly concluded it was bound by California's determination of arrearages as of November 30, 1986.

## B

■ Mother points out that the remedies provided under RURESA "are in addition to and not in substitution for any other remedies." Section 14–5–104, C.R.S. (1987 Repl.Vol. 6B); *see* Cal.Civ.Proc.Code § 1654 (1990 Cum.Supp.). Therefore, she argues, the California court when acting as a responding state under RURESA could not nullify or affect the parties' rights and duties under prior orders for support entered in the Colorado dissolution proceeding unless the issue of modification of the prior order had been specifically raised, noticed, litigated, and resolved as required by *In re Marriage of Enewold,* 709 P.2d 1385 (Colo.App.1985). As this issue is postured here, we find no merit in this contention.

The record reflects that the complaint to initiate the RURESA proceeding was verified by mother and that a determination of arrearages was specifically requested based upon the Colorado support order. Consistent with the complaint, the notice issued to father by the California court provides that arrearages are to be determined. Under these circumstances, the California order determining the amount of arrearages may not be properly characterized as a modification of the Colorado order and the requirements of *In re Marriage of Enewold, supra,* have been satisfied.

## II

██ The record of the RURESA proceedings in California does not include all of the pleadings. As mother argues, it appears that the claim for arrearages was pursued under the statutory equivalent of our § 14–5–125, C.R.S. (1990 Cum.Supp.), see Cal.Civ.Proc.Code § 1682 (West 1982), rather than under the alternative registration procedure described in *Henry v. Knight,* 746 P.2d 1375 (Colo.App.1987). California also has an alternative registration procedure under its RURESA. *See* Cal.Civ.Proc. Code §§ 1698.3 (West 1982) and 1699 (1990 Cum.Supp). For this reason, mother argues that we need not give full faith and credit to California's determination of arrearages because its alternative registration procedure was not followed. We disagree.

Even if we assume that the order of the California court was erroneous under the analysis of *Henry v. Knight, supra,* that does not render the order void and subject to collateral attack. Rather, mother's right to relief from that order was extinguished when she failed to pursue a direct appeal of the California order. *See McLeod v. Provident Mutual Life Insurance Co.,* 186 Colo. 234, 526 P.2d 1318 (1974). Therefore, to the extent that mother's claim for arrearages involves the same time period and issue as that resolved by the California order, she is precluded by § 14–5–110(2) from relitigating the issue.

## III

██ Mother contends that the trial court erred in declining to order a wage assignment to enforce payment of the claimed arrearage. We agree in part.

Mother sought arrearages in Colorado for the time period up through April 1, 1988. The California order accounted for arrearages only as of November 30, 1986. It did not purport to modify the Colorado support order. *See Ross v. Thomas,* 753 P.2d 783 (Colo.App.1987).

Section 14–14–107, C.R.S. (1987 Repl.Vol. 6B) contains the procedures for the activation of a wage assignment when the obli-

gor under a support order has failed to make payment-in-full. The obligor may object to activation of a wage assignment on only two grounds: that payment was not due or that it was paid when due. Section 14–14–107(9)(b), C.R.S. (1987 Repl.Vol. 6B). If the obligor fails to establish one of these two possible defenses, then the trial court must order a wage assignment. *See In re Marriage of Barnes,* 692 P.2d 329 (Colo. App.1984).

Here, the trial court properly determined that it was bound by the California order for arrearages as of November 30, 1986. However, as to any arrearages due after that date, an order for a wage assignment was mandatory.

In support of the trial court's order, father argues that since he is already subject to a wage assignment in California, a second wage assignment would be improper. We disagree.

RURESA specifically provides a procedure for determining priority when there is more than one wage assignment for the same obligor. Section 14–14–107(11)(b), C.R.S. (1987 Repl.Vol. 6B). Additionally, the amount of father's income that may be subject to wage assignments is limited. *See* § 14–14–107(6)(a), C.R.S. (1987 Repl. Vol. 6B). Finally, the trial court must credit the amounts father has paid under the California wage assignment in issuing its order.

## IV

Mother asserts that she should be awarded attorney fees pursuant to § 14–14–107(9)(e), C.R.S. (1987 Repl.Vol. 6B). Father also requests an affirmance of the award of fees to him. We conclude that these issues must be addressed by the trial court on remand.

██ Under § 14–14–107(9)(e), attorney fees and costs are to be awarded to the prevailing party. In order to obtain this award, a party must have attained some of the benefits sought in a lawsuit and must have prevailed upon a significant issue, but not necessarily upon the "central" issue in

the litigation. *In re Marriage of Watters*, 782 P.2d 1220 (Colo.App.1989).

 Mother sought a wage assignment based upon $23,231.97 in arrearages due and not paid under the Colorado order. Father objected to the amount based upon the California order. His objection was permitted under § 14–14–107(9) without a claim that the full amount was not due. *See In re Marriage of Watters, supra.* On this issue father prevailed.

If that were the only issue, the trial court's award of attorney fees to father would have been proper. *See In re Marriage of Watters, supra.* However, since the trial court erred in not issuing a wage assignment for the amount still remaining for arrearages from November 30, 1986, to April 1, 1988, the award of attorney fees to father should be reconsidered in addition to mother's claim that she is entitled to an award of fees and costs as the prevailing party on the wage assignment issue.

The remaining contentions by the parties are without merit.

The order of the trial court is affirmed insofar as it determined that the California court order must be given full faith and credit for the amount of arrearages owed by father as of November 30, 1986, reduced by the amounts already paid pursuant to the California wage assignment. In all other respects, the order is reversed, and the cause is remanded to the trial court for further proceedings to determine arrearages due after November 1, 1986, and for such other proceedings the trial court deems necessary consistent with the views expressed in this opinion.

TURSI and REED, JJ., concur.