In re the MARRIAGE OF Mary L. CONNELL, n/k/a Mary L. Fletcher, Appellee and Cross–Appellant,

and

Raymond J. Connell, Appellant and Cross–Appellee.

Nos. 90CA2207, 91CA0289.

Colorado Court of Appeals, Div. I.

April 23, 1992.

Polidori, Gerome, Franklin & Jacobson, Gary L. Polidori, Lesleigh S. Wiggs, Lakewood, for appellee and cross-appellant.

Banta, Hoyt, Greene & Everall, P.C., Darryl L. Farrington, Bernard W. Messer, Englewood, for appellant and cross-appellee.

Opinion by Judge PIERCE.

In this dissolution of marriage action, Raymond J. Connell (husband) appeals and Mary L. Fletcher (wife) cross-appeals a post-decree order dividing home sale proceeds and awarding maintenance and attorney fees. Wife also appeals an order denying activation of a wage assignment. We affirm in part, reverse in part, and remand with directions.

When these parties were previously before us, we affirmed the permanent orders for property division and reversed that part of the judgment terminating wife's maintenance on sale of the home. *In re Marriage of Connell*, (Colo.App. No. 87CA0682, September 1, 1988) (not selected for official publication). The trial court was directed to retain jurisdiction to adjust or terminate maintenance pursuant to § 14–10–114, C.R.S. (1987 Repl.Vol. 6B), when the home was sold.

In September 1988, husband moved for modification of maintenance, citing changed circumstances. The home was sold in February 1989, husband claimed no money was due to wife, and wife moved for an accounting.

After a hearing, the trial court divided sale proceeds of $21,244 equally between the parties, continued wife's maintenance at $1,000 per month, and ordered husband to pay $5,000 of her attorney fees. Husband was allowed to pay the sale proceeds and attorney fees over two years in monthly installments of $650.92.

Wife subsequently applied for activation of a wage assignment and husband requested a hearing. The trial court denied wife's application.

## I. Maintenance

On appeal, husband first contends that the trial court abused its discretion in determining that maintenance should continue at $1,000 per month. We disagree.

■ The trial court, in compliance with this court's directions, properly considered the factors of § 14–10–114 in evaluating the parties' respective resources and needs. *In re Marriage of Caufman*, 829 P.2d 501 (Colo.App.1992). Because the trial court also considered husband's motion for modification of maintenance, we hold that there is no reversible error in the court's additional reference to § 14–10–122(1), C.R.S. (1991 Cum.Supp.).

Further, the record amply supports the determination that wife met the threshold for maintenance and needed $1,000 per month. That decision will not be overturned on review. *See In re Marriage of Micaletti*, 796 P.2d 54 (Colo.App.1990). Wife's increased earnings do not require the conclusion that the amount of maintenance had become unconscionable, *see In re Marriage of Udis*, 780 P.2d 499 (Colo. 1989), nor do they necessarily reduce dollar-for-dollar the amount of maintenance properly awarded here pursuant to § 14–10–114.

## II. Division of Sale Proceeds

Husband next contends that the trial court erred in calculating the home sale proceeds by crediting him with only part of the 1986 real estate taxes. We disagree.

■ The court may interpret an ambiguous decree. If the language of a decree is susceptible of more than one interpretation, the court enforcing the decree should, if possible, accord it a reasonable and sensible meaning, consonant with its dominant purpose. *See In re Marriage of Norton*, 757 P.2d 1127 (Colo.App.1988).

■ Here, the permanent orders provided that husband would be "reimbursed for any real estate taxes paid on said property from [January 5, 1987] until sale." On husband's motion, those orders were amended so that he would be "reimbursed for any real estate taxes paid on said property from October 29, 1986 to the date of closing of the sale." That phrase, as a whole, is not clear as to reimbursement for amounts attributable to the period before October 29, 1986, but paid after that date. However, in the context of the permanent orders and the amendment of the dates, we agree with the trial court's reasonable interpretation giving husband credit for only the last 61 days of 1986 taxes.

We also reject husband's contention that the trial court erred in not giving him credit for certain unpaid debts. The permanent orders provided that the debts should be paid, if due, from the sale proceeds. At trial, husband admitted that the debts, which were all more than six years old, had not been paid. In these circumstances, we find no error in the court's ruling.

## III. Attorney Fees

Husband next contends that the trial court erred in awarding any attorney fees to wife. On cross-appeal, wife contends that the trial court abused its discretion in failing to award her all her fees. We find the trial court's ruling to be an appropriate exercise of its discretion.

■ The trial court has broad discretion in awarding attorney fees and, unless that discretion has been abused, the award will not be disturbed. Section 14–10–119, C.R.S. (1987 Repl.Vol. 6B); *In re Marriage of DaFoe*, 677 P.2d 426 (Colo.App.1983).

■ Considering the parties' respective financial resources and the vast disparity in their earning capacities, we conclude that the award here was permissible. *See In re*

*Marriage of Beyer*, 789 P.2d 468 (Colo.App. 1989). However, contrary to wife's argument, it was also within the trial court's discretion to award only part of the fees. *See In re Marriage of Schwaab*, 794 P.2d 1112 (Colo.App.1990).

#### IV. Payment Schedule and Interest

■ We agree with wife that the trial court erred and abused its discretion in allowing husband to pay her attorney fees and home sale proceeds in monthly installments over two years.

Here, the amended permanent orders provided that each party would receive half of the sale proceeds "at the time of the closing of the sale." The trial court erred in modifying that part of the judgment on its own motion, unsupported by any evidence or argument, and without finding "the existence of conditions that justify the reopening of a judgment." *See* § 14–10–122(1)(a), C.R.S. (1991 Cum.Supp.).

Further, the installment arrangement limited wife's collection remedies and so exceeded the trial court's jurisdiction. *See In re Marriage of Greenblatt*, 789 P.2d 489 (Colo.App.1990). And, while the trial court has broad discretion in awarding attorney fees, the record here discloses no request or reason for installment payments.

Because of our resolution of this contention, we need not address wife's further argument that she should be allowed interest over the installment period.

■ Wife also contends that she is entitled to statutory interest under § 5–12–102, C.R.S. (1991 Cum.Supp.), on her share of the sale proceeds from the date of closing. We agree that such interest is proper to enforce the judgment. *See In re Marriage of Schutte*, 721 P.2d 160 (Colo.App.1986).

#### V. Wage Assignment

In her consolidated appeal, wife contends that the trial court erred in failing to activate a wage assignment for payment of maintenance. We agree.

■ Section 14–14–107(1)(a), C.R.S. (1987 Repl.Vol. 6B) provides the procedure for wage assignments for "support, including child support, maintenance when combined with child support, child support debts, or maintenance." The statute originally applied only to "child support, and maintenance where combined with child support." Colo.Sess.Laws 1981, ch. 185, § 14–14–107(1) at 908. However, it was amended in 1987 and now plainly applies to maintenance. Colo.Sess.Laws 1987, ch. 113, § 14–14–107(1) at 580. We must enforce the statute as it is written. *See In re Marriage of Barnes*, 692 P.2d 329 (Colo.App. 1984).

■ We are not persuaded by husband's argument that § 14–14–107(15), C.R.S. (1991 Cum.Supp.) limits the wage assignment procedure to certain child support situations. As we read that subsection, its purpose is coordination with the effective dates of the immediate deduction procedure of § 14–14–111, C.R.S. (1991 Cum.Supp.), and not a general limitation of the scope of § 14–14–107.

■ The only defenses to activation of a wage assignment are that the payment was not due or that it was paid when due. Section 14–14–107(9)(b), C.R.S. (1987 Repl. Vol. 6B). If the obligor objects to the activation but fails to assert one of those two defenses, no hearing should be held and entry of an order for wage assignment is mandatory. *In re Marriage of Barnes, supra.* If a hearing is held, the prevailing party is entitled to an award of attorney fees and costs. Section 14–14–107(9)(e), C.R.S. (1987 Repl.Vol. 6B).

Here, husband asked for a hearing without specifying either of the two available defenses. Under such circumstances, the trial court erred in holding a hearing and in failing to enter the order. *See In re Marriage of Barnes, supra.*

Further, husband did not appear at the hearing, but his attorney agreed that the payments were not always timely and said:

> The *gravamen* of the objection ... is the whole idea of filing a wage assignment with this man who is a senior partner in a major law firm who has never missed a month. He feels this is being vindictive.

We rule that, because husband presented no defense under the statute, wife should

have prevailed at the hearing and received an award of her attorney fees and costs. *See In re Marriage of Sabala,* 802 P.2d 1163 (Colo.App.1990); *In re Marriage of Watters,* 782 P.2d 1220 (Colo.App.1989).

Wife does not appeal that part of the order making maintenance due on or before the tenth of each month, and that ruling will not be disturbed. Therefore, the previous order will be rendered moot by activation of the wage assignment, and no other relief regarding maintenance will be due wife absent a violation of the modified order.

We deny husband's request for an award of his attorney fees and costs for this appeal.

The order dividing home sale proceeds and awarding wife maintenance and attorney fees is affirmed in all respects except that part of the order allowing husband a two-year payment period which is reversed. The order as to the wage assignment is reversed except as to the provision that maintenance be paid on or before the tenth of each month. The cause is remanded with directions to award wife statutory interest from the date of closing on her share of the home sale proceeds and for entry of an order activating the wage assignment and awarding wife her reasonable attorney fees and costs for that proceeding.

TURSI and REED, JJ., concur.