**In re the MARRIAGE OF Eileen N. PRUYSER, Appellant,**

and

**August G. Pruyser, Jr., Appellee.**

No. 92CA0697.

Colorado Court of Appeals, Div. II.

March 25, 1993.

Margaret E. Walker, Denver, for appellant.

No appearance for appellee.

Opinion by Judge HUME.

Eileen M. Pruyser (wife) appeals the dismissal of her action seeking enforcement of a Vermont maintenance order against August G. Pruyser, Jr. (husband) pursuant to the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), § 14–5–101, et seq., C.R.S. (1987 Repl.Vol. 6B). We reverse.

█ A Vermont court dissolved the parties' marriage on October 1, 1985, and ordered husband to pay $75 dollars per week as maintenance, which he did for approximately three years. In February 1988, he unilaterally stopped payments, and wife filed a petition in Vermont to initiate support proceedings under RURESA enforcing the 1985 Vermont maintenance order

against husband, who by then was a resident of Colorado. The Vermont district court certified that the petition set forth facts from which it could be determined that husband owed a duty of support to wife and forwarded it to the Adams County District Court (responding court).

Thereafter, the responding court approved the retention of a private attorney to pursue enforcement of the RURESA action in Colorado. Husband filed a motion to dismiss for lack of subject matter jurisdiction, arguing that RURESA precluded the use of private counsel unless such counsel was appointed by a district or county attorney and that, thus, the court did not have authority to appoint private counsel.

After a hearing on the motion, the responding court determined that private counsel could not prosecute a RURESA action and dismissed the petition.

We agree with wife's contention that the responding court erred in dismissing the action rather than requiring its prosecution by persons designated in RURESA.

A term defined in a statute must be accorded its plain meaning as it appears in the statute, unless a contrary intention appears. *R.E.N. v. City of Colorado Springs*, 823 P.2d 1359 (Colo.1992). A statutory definition of such a term controls judicial interpretation. *Industrial Commission v. Northwestern Mutual Life Insurance Co.*, 103 Colo. 550, 88 P.2d 560 (1939).

Here, § 14–5–119(2), C.R.S. (1992 Cum. Supp.) designates the Colorado officials authorized to prosecute RURESA actions initiated in other states. Section 14–5–103(8), C.R.S. (1987 Repl.Vol. 6B) specifically defines "prosecuting attorney" as:

(a) ... any district or county attorney of this state or the public official in the appropriate place who has a duty to enforce criminal laws relating to the failure to provide for the support of any person.

(b) 'Prosecuting attorney' also means any private attorney of this state *hired*

*by a district or county attorney....* (emphasis added)

The definition is clear, plain, and unambiguous; therefore, it must be applied as written. *See Burns v. City Council*, 759 P.2d 748 (Colo.App.1988).

RURESA establishes a procedure for processing a petition to enforce an out-of-state support order, which is additional to, but not a substitute for, other remedies. *See* § 14–5–104, C.R.S. (1987 Repl.Vol. 6B).

Section 14–5–119(1)(b), C.R.S. (1992 Cum. Supp.) provides that, after a Colorado responding court receives copies of the complaint, a certificate from the initiating court, and a copy of RURESA or a similar law in force in the initiating state, it shall docket the case and notify the prosecuting attorney of such action. Upon receipt of such notification, the prosecuting attorney is required to seek enforcement of the foreign support order. *See* § 14–5–119(2), C.R.S. (1992 Cum.Supp.); *see also Henry v. Knight*, 746 P.2d 1375 (Colo.App.1987).

Here, the record does not indicate whether the district court received proper documentation from the initiating court, or whether it notified the designated prosecuting attorney's office of the docketing of the action.

Therefore, while we agree with the receiving court's determination that the action could not be prosecuted by private counsel, we nevertheless conclude that the court erred in dismissing the proceeding rather than in following the procedural process specified in RURESA.

The judgment of dismissal is reversed, and the cause is remanded for further proceedings consistent with the views expressed herein.

TURSI and SMITH \*, JJ., concur.

---

\* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),