In re the MARRIAGE OF Stephen
M. PLESICH, Appellant and
Cross–Appellee,

and

Catherine E. Plesich, f/k/a Catherine
Geraghty, n/k/a Catherine Groff,
Appellee and Cross–Appellant.

No. 92CA1500.

Colorado Court of Appeals,
Div. I.

Jan. 13, 1994.

Rehearing Denied Feb. 17, 1994.

Certiorari Denied Oct. 11, 1994.

Upon the dissolution of the parties' marriage in 1988, wife was awarded certain residential and commercial property. Both properties were encumbered by promissory notes secured by deeds of trust. Husband was ordered to satisfy the outstanding indebtedness on both properties and to "hold the [wife] harmless" from any liabilities thereon.

Within two months after entry of the final decree, husband defaulted on the promissory note on the commercial property and that property was subsequently foreclosed. Subsequently, the residential property was sold for delinquent taxes.

Wife then sought enforcement of the "hold harmless" clause in the final decree, seeking monetary damages for the value of the properties, loss of business and rental income, interest, and attorney fees. Wife also sought enforcement of an outstanding $10,000 lump-sum payment awarded to her under the terms of the final decree.

Following a full evidentiary hearing, the trial court entered judgment against the husband for the $10,000 lump-sum payment, and $55,000 for the value of the business property. The court, however, refused to award damages for loss of business income, interest, attorney fees, and costs.

Warren, Mundt & Martin, P.C., Robert B. Warren, Colorado Springs, for appellant and cross-appellee.

Evans & Briggs, Paul V. Evans, Colorado Springs, for appellee and cross-appellant.

Opinion by Judge PIERCE *.

In this post-dissolution enforcement action, Stephen M. Plesich (husband) appeals from the trial court's award of monetary damages to Catherine Plesich (wife). Wife cross-appeals the calculation of damages and the trial court's denial of attorney fees. We affirm in part, reverse in part, and remand.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

I.

On appeal, husband argues that since he is legally liable for the deficiencies on both properties, he has complied with the "hold harmless" requirement under the final decree. Relying on principles of indemnity law, husband argues that because wife did not pay the original indebtedness, nor did she suffer any legal liability as a result of his default, the trial court erred in awarding her damages equivalent to the fair market value of the foreclosed property. He further argues that wife should be denied indemnification because of her negligent acts or omissions in allowing the properties to go into default. We disagree and conclude that hus-

and § 24-51-1105, C.R.S. (1988 Repl.Vol. 10B).

band's reliance on general indemnity law is misplaced.

■ Unlike a contract of indemnity in which the parties knowingly bargain for the protection at issue, the "hold harmless" provision in question here was imposed by the trial court as part of an equitable distribution of the parties' marital assets and liabilities. Therefore, the "hold harmless" requirement must be construed consistent with the public policies underlying the Colorado Uniform Dissolution of Marriage Act (UDMA), § 14–10–101, et seq., C.R.S. (1987 Repl.Vol. 6B).

The policies sought to be furthered by the UDMA include the dividing of assets equitably and mitigating the harm to spouses and their children caused by the dissolution. Sections 14–10–102 and 14–10–113, C.R.S. (1987 Repl.Vol. 6B). These policies take precedence over any concepts of contract law, and thus, we reject husband's principal contention that contract indemnity law should take precedence over the dissolution statute here.

■ The obvious intent of the trial court's "hold harmless" requirement was to compensate wife for losses suffered as a result of husband's acts or omissions. *See Union Pacific R.R. Co. v. Allied Chemical Corp.*, 756 P.2d 394 (Colo.App.1988).

The record shows that husband was apportioned marital property worth $250,000, including sole ownership of his medical practice. Husband also reported monthly income of $7,000 at the time of the final orders hearing. The trial court's express intent in ordering husband to satisfy the indebtedness on the Colorado properties awarded to wife was to give her property worth approximately $150,000.

Moreover, on the assumption that wife would be able to support herself with income from the business property, the trial court made no award of spousal maintenance. Obviously, if we accepted husband's argument and denied the wife indemnification for the property on which he defaulted, wife would be left with neither marital property nor spousal maintenance to meet her needs. This result is untenable under the express public policies of the UDMA.

Therefore, we hold that the trial court correctly construed the "hold harmless" provision to require that husband compensate wife for the fair market value of the business property apportioned to her in the equitable distribution.

## II.

Both parties challenge the amount of compensation ordered by the trial court. Husband argues that the court should have awarded $47,000, instead of $55,000. Wife, on the other hand, argues that the trial court's award was insufficient because it included no reimbursement for lost income and taxes, and did not include interest. We reject husband's argument, but agree, in part, with the wife's contention.

■ In dissolution actions, a trial court has discretion to arrive at its own determination of value, and its valuation will be upheld if it is reasonable in light of the evidence as a whole. *In re Marriage of Keyser*, 820 P.2d 1194 (Colo.App.1991).

■ Here, there was evidence that the amount needed to redeem the wife's business property from foreclosure was $50,354, plus interest. Hence, there was adequate support in the record for the trial court's indemnity award of $55,000.

■ In refusing to indemnify wife for lost business and rental income, the trial court concluded that there was insufficient evidence to establish the wife's losses. We perceive no error on this basis.

■ It is solely for the trial court to determine the sufficiency, probative effect, weight of evidence, and the inferences and conclusions to be drawn therefrom. *See In re Marriage of Van Genderen*, 720 P.2d 593 (Colo.App.1985). On review, an appellate court must view the evidence in the light most favorable to the trial court's order. *In re Marriage of Perlmutter*, 772 P.2d 621 (Colo.1989).

Here, there was evidence that the business property was in marked disrepair and that wife had not filed either income tax returns or sales tax receipts, presumably because she

had insufficient income to pay taxes. Wife even conceded that it would be speculative to project her income from the building at the time of hearing. Considering the evidence as a whole, we cannot say the trial court erred as a matter of law in refusing to indemnify the wife on this basis.

■ We also perceive no error in the trial court's refusal to indemnify wife for taxes paid on the two properties. The original order provided:

> The [husband] shall hold the [wife] harmless from the obligations upon those properties to include the obligations to the Thorpes and the obligations to the First Community Industrial Bank. He shall do this either by the payment of the judgments upon those properties or the monthly payments due and owing to the institutions and/or creditors.

The trial court ruled that the foregoing language did not obligate husband to pay real estate taxes, and we conclude that the court's interpretation of the decree was reasonable under the circumstances. *See In re Marriage of Connell,* 831 P.2d 913 (Colo.App. 1992).

■ However, we agree that in order to enforce the final decree equitably, wife was entitled to interest from the date of husband's default on the property. Therefore, on remand, the trial court is directed to award wife interest at the statutory rate under § 5–12–102, C.R.S. (1992 Repl.Vol. 2). *See In re Marriage of Connell, supra; In re Marriage of Schutte,* 721 P.2d 160 (Colo.App. 1986).

### III.

■ Wife argues that the trial court erred in denying her request for attorney fees. We agree.

The trial court apparently believed that because wife was denied attorney fees in the original dissolution proceeding she could not be awarded attorney fees in subsequent proceedings. This is not the law.

The statute governing attorney fees, § 14–10–119, C.R.S. (1987 Repl.Vol. 6B), specifical-ly contemplates the possibility of ongoing proceedings in dissolution actions:

> The court *from time to time,* after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party *of maintaining or defending any proceeding under this article* and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding *or after entry of judgment.* (emphasis added)

*See Baker v. Baker,* 667 P.2d 767 (Colo.App. 1983) (award of attorney fees in subsequent litigation to enforce a separation agreement).

Although the trial court has discretionary power to award attorney fees, its discretion must be exercised consistent with controlling principles of law. Because the trial court here denied wife's motion on improper grounds, that portion of the court's order must be reversed.

### IV.

Wife's request for attorney fees incurred on appeal is hereby granted, and the cause is remanded for further proceedings to determine the amount and award it accordingly. *In re Marriage of Kronbach,* 757 P.2d 175 (Colo.App.1988).

That portion of the trial court's order denying wife's request for interest and attorney fees is reversed, and the cause is remanded for reconsideration consistent with the legal principles set forth above. The remainder of the order is affirmed.

ROTHENBERG and SMITH, JJ., concur.