In re the MARRIAGE OF Clara B. VAN GENDEREN, Appellee,

and

**William Van Genderen, Appellant.**

No. 83CA0592.

Colorado Court of Appeals, Div. I.

Nov. 29, 1985.

Rehearing Denied Jan. 16, 1986.

Certiorari Denied June 16, 1986.

Epstein, Epstein & Lozow, P.C., Frederick Epstein, Peter L. Franklin, Denver, for appellee.

Stanley G. Lipkin, Denver, for appellant.

BABCOCK, Judge.

In this dissolution of marriage action, husband appeals the trial court's decree for division of property. We reverse and remand with directions.

Husband's principal contentions relate to a promissory note received on sale of the William Van Genderen Service Co. (the subsidiary). The subsidiary was wholly owned by William Van Genderen Company (the parent), and it was organized and incorporated after the marriage. The parent was incorporated before the parties were married in 1958. Several years prior to the dissolution decree, the parent sold the stock of the subsidiary for $360,000. The principal form of payment was a promissory note in the amount of $340,000 payable to the parent. Note payments were re-

ceived by husband as sole owner of the parent which was liquidated and dissolved following the sale of the subsidiary. The unpaid principal on the note at the time of the decree was $315,000.

## I.

Husband first contends that there is an insufficient evidentiary basis for the trial court's finding that the value of the note was equal to its unpaid principal at the time of the decree. We disagree.

■ Although the expert testimony as to the value of the note was in conflict, there is sufficient evidence to support the trial court's determination of value. Therefore, the trial court's factual determination of value will not be disturbed on review. *See Gebhardt v. Gebhardt*, 198 Colo. 28, 595 P.2d 1048 (1979).

## II.

■ Husband next contends that the trial court erred in finding that the note, certain liquid assets, and an automobile were marital property rather than property acquired in exchange for pre-marital property. He argues that he has overcome the statutory presumption that these assets are marital property because he has traced these assets to the parent company which was incorporated before the marriage. We agree.

Husband capitalized, incorporated, and became the sole shareholder of the parent in 1954. In 1968 the subsidiary was incorporated. The parent purchased the stock in the subsidiary, was its sole shareholder, and provided its initial capitalization. In 1975 the parent filed for reorganization under Chapter 11 of the federal Bankruptcy Code. The reorganization was successfully completed largely because the subsidiary transferred its profits to the parent. The subsidiary was thereafter sold by the parent and the parent was subsequently liquidated.

Although there is a presumption that property acquired by either spouse subsequent to the marriage is marital property, this presumption may be overcome by showing that the property was acquired in exchange for property acquired prior to the marriage. Section 14–10–113(2)(b) and (3), C.R.S.

It is undisputed that the stock of the parent was premarital property. On sale of the subsidiary, the note was received by the parent. When the parent was liquidated, the note, car, and "other liquid assets" were distributed solely to husband. In addition, there was testimony indicating that payments on the note were made at husband's direction by deposit to banks of his choice. Thus, through tracing, husband established that the note and other assets in issue were acquired "in exchange for" premarital property. *See In re Marriage of Stedman*, 632 P.2d 1048 (Colo.App.1981). Consequently, he met his burden of overcoming the presumption that these assets are marital property.

■ Appreciation in value of premarital property, measured by the difference between the value of the property at the time of marriage and the value of the property at the time of dissolution, is marital property. Section 14–10–113(4), C.R.S. Here, the parent was worth $210,000 at the time of marriage. The note was worth $315,000 at the time of the decree. Accordingly, the trial court erred in concluding that the full $315,000 value of the note is marital property; rather, we hold that the $105,000 appreciation in husband's premarital property realized during the marriage constitutes marital property subject to division by the trial court.

■ However, wife argues that the appreciation is the full $315,000 because the parent company had no value in 1975 when it reorganized under Chapter 11 of the Bankruptcy Code. She points to an exhibit showing that the liabilities of both the parent and the subsidiary exceeded their combined assets in 1975. Wife also relies on *In re Marriage of Denney*, 171 Cal.Rptr. 440,

115 Cal.App.3d 543 (1981), which held that because premarital property became valueless by virtue of a Chapter 7 Bankruptcy Code liquidation which occurred during the marriage, and because the enterprise thereby ceased to exist, appreciation could be measured from the date of liquidation to the date of the decree.

*Denney* is inapposite because in this case the parent's filing was a Chapter 11 reorganization rather than a Chapter 7 liquidation upon insolvency. Under Chapter 11, the parent did not cease to exist, and there could be no final determination of valuelessness. On the contrary, a Chapter 11 reorganization is a determination that the earning capacity of the filing company is such that it has value as a viable entity. *See Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pacific R.R.*, 318 U.S. 523, 63 S.Ct. 727, 87 L.Ed. 959 (1943); 6A *Collier's on Bankruptcy* § 11.05 (14th ed. 1977). If both companies were truly valueless, a reorganization would not have been possible.

### III.

Husband next contends that the trial court erred in determining the amount held by wife in savings. We agree.

Wife concedes that although the trial court found that she had a savings account of approximately $8,000, she in fact had $12,000 in this account at the time of the decree. Thus, the trial court miscalculated the value of the marital property by $4,000.

In view of our disposition in this case, we need not address certain remaining contentions of husband, and his other contentions we deem to be without merit.

The judgment of the trial court is reversed, and the cause is remanded with directions to reconsider the division of the parties' marital property consistent with the views expressed herein.

PIERCE and KELLY, JJ., concur.