24CA0432 Marriage of Cruickshank 08-28-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0432
Douglas County District Court No. 20DR30744
Honorable Benjamin Todd Figa, Judge

---

In re the Marriage of

Asia Cruickshank,

Appellant,

and

Richard Cruickshank,

Appellee.

---

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE SULLIVAN
Tow and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 28, 2025

---

Cox Baker Page & Bailey, LLC, James S. Bailey, Alexandra K. Wetzler, Lone Tree, Colorado, for Appellant

Aitken Law, LLC, Sharlene J. Aitken, Denver, Colorado, for Appellee

¶ 1    In this dissolution of marriage proceeding, Asia Cruickshank (wife) appeals those portions of the district court's permanent orders concerning maintenance and certain tax overpayments credited to Richard Cruickshank (husband).  We reverse on those two narrow issues and remand for additional proceedings.

## I.    Background

¶ 2    The parties married in 2001.  In 2020, wife petitioned to dissolve the marriage.  After a two-day evidentiary hearing in 2023, the district court dissolved the parties' marriage and entered permanent orders awarding husband 51.5% and wife 48.5% of the marital estate, which totaled more than $10 million.

¶ 3    During a portion of their marriage, both husband and wife received income from a company husband cofounded in 1995, C&R Industries, although wife didn't perform any services for the company.  C&R Industries eventually terminated wife in November 2022 while the dissolution case was ongoing.

¶ 4    During wife's tenure with C&R Industries, the company withdrew funds from wife's income to pay estimated taxes in excess of what she owed.  For reasons that aren't entirely clear, at least

some of these overpayments were credited by taxing authorities to husband's social security number rather than wife's.

¶ 5 At the permanent orders hearing, husband's daughter from a prior relationship, who served as president of C&R Industries, testified that she was aware of a "tax issue" involving wife's withholdings and was working with the company's CPA to resolve it. For his part, husband generally denied knowing anything about the specifics of wife's tax situation or the tax overpayments.

¶ 6 In its oral ruling, the district court found that the tax overpayments allegedly credited to husband weren't marital property subject to equitable division. The court also found that the overpayments, if they existed, had a value of zero.

¶ 7 In equitably dividing the marital estate, the court awarded wife the vast majority of the parties' liquid assets, totaling approximately $1.2 million, while awarding husband only $15,000. At the same time, however, the court also allocated all $509,750 of the parties' debt (including nearly $400,000 in tax debt) exclusively to wife. The court also declined to award wife maintenance.

¶ 8 On appeal, wife contends that the district court erred by (1) denying her maintenance request and (2) determining that the

tax overpayments had no value and weren't marital property subject to equitable division.

## II. Tax Overpayments

¶ 9  Because we find it dispositive, we first address wife's contention regarding the tax overpayments. We agree with wife that the district court erred by declining to equitably divide the overpayments.

### A. Standard of Review

¶ 10  We review a district court's equitable division of marital property for an abuse of discretion. *In re Marriage of Cardona*, 2014 CO 3, ¶ 9. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misconstrues or misapplies the law. *In re Marriage of Fabos*, 2022 COA 66, ¶ 16.

¶ 11  But whether an asset constitutes marital property is a mixed question of fact and law. *Cardona*, ¶ 9. We defer to the district court's factual findings unless they are clearly erroneous but review purely legal issues de novo. *See id.*; *In re Marriage of Krejci*, 2013 COA 6, ¶ 23. We won't disturb the district court's valuation of an

asset if sufficient evidence supports its determination.  *In re Marriage of Van Genderen*, 720 P.2d 593, 595 (Colo. App. 1985).

B.    Applicable Law

¶ 12    The disposition of marital property in a dissolution proceeding is governed by section 14-10-113, C.R.S. 2025.  The process of determining whether an interest is marital property subject to equitable division involves two steps: first, the district court must determine whether an interest constitutes "property"; if so, the court must then determine whether the property is marital or separate.  *In re Balanson*, 25 P.3d 28, 35 (Colo. 2001).

¶ 13    Beginning with step one, the definition of "property" is "broadly inclusive."  *Id.*  It "includes 'everything that has an exchangeable value or which goes to make up wealth or estate.'"  *Id.* (quoting *Graham v. Graham*, 574 P.2d 75, 76 (Colo. 1978)).  Whether an interest qualifies as property for purposes of a dissolution proceeding turns, in part, on whether one or both spouses have an enforceable right to receive the claimed benefit.  *Id.* at 39.  By contrast, "interests that are merely speculative are mere expectancies."  *Id.* at 35.

¶ 14     If a court determines that an interest is property, it proceeds to step two to determine whether the property is marital or separate for purposes of dividing the marital estate. *Id.* "Marital property" encompasses "all property acquired by either spouse subsequent to the marriage," except for four statutory exceptions not relevant here. § 14-10-113(2). Thus, all property acquired during a marriage is generally presumed to be marital property. § 14-10-113(3); *see Balanson*, 25 P.3d at 35-36.

¶ 15     If the court deems property marital, it must value the property to achieve an equitable division. *Balanson*, 25 P.3d at 36. The court considers all relevant factors when arriving at an equitable distribution of marital property, including, among others, the economic circumstances of each spouse. § 14-10-113(1)(c); *Balanson*, 25 P.3d at 35. Marital property should be valued as of the date of the decree or the date of the hearing on disposition of property if that hearing precedes the date of the decree. *Balanson*, 25 P.3d at 35. If the court can't reasonably ascertain the value of certain marital property at the time of dissolution, the court should instead consider the spouse's right to the property as an economic

circumstance of the parties under section 14-10-113(1)(c). *See Cardona, ¶¶* 14, 33.

## C.    Analysis

¶ 16    Wife asserts that the district court should have characterized the tax overpayments withheld from her income from C&R Industries but credited to husband's social security number as marital property that was subject to equitable division. Wife also argues that, if the court couldn't ascertain the overpayments' value, it should have considered the overpayments as an economic circumstance of husband under section 14-10-113(1)(c). Husband counters that (1) the district court correctly found that the overpayments weren't marital property; and (2) even if the overpayments could be considered marital, they amount to "mere speculative interests."

¶ 17    As we read the district court's oral ruling, the court determined that the tax overpayments weren't marital property subject to equitable division for two reasons: (1) the evidence didn't permit the court to "find or affix a specific dollar amount" to the overpayments; and (2) the funds, "if there is a withholding," were in the "possession of the Department of the Treasury" and therefore

didn't qualify as a "marital asset." The court then assigned a value of zero to the overpayments.

¶ 18 For three reasons, we conclude that the district court erred by determining that the overpayments weren't marital property subject to equitable division.

¶ 19 First, contrary to husband's argument, the tax overpayments constituted property, not "mere speculative interests." Subject to certain setoffs, a person who overpays their tax liability is generally entitled to a credit or refund of the overpayment amount. *See* 26 U.S.C. § 6402(a). Thus, depending on who made the overpayment, at least one spouse had an enforceable right to the overpayment as either a refund or a tax credit against future liability. *See Wagner v. Duffy*, 700 F. Supp. 935, 942 (N.D. Ill. 1988) ("There can be little doubt that a citizen has a property interest in his or her tax refund, which is in reality withheld wages."); *see also* 1 Brett R. Turner, *Equitable Distribution of Property* § 5:9, Westlaw (database updated Dec. 2024) (recognizing that the right to receive a tax refund and the right to a tax credit against future liability are both treated as property).

¶ 20    Second, the tax overpayments constituted marital property. Absent exceptions not relevant here, all property acquired by either spouse during the marriage is presumed to be marital property. § 14-10-113(3); *Balanson,* 25 P.3d at 36. No dispute exists that the tax overpayments in this case were made during the parties' marriage.

¶ 21    We aren't persuaded otherwise by husband's argument that the government's possession of the overpayments somehow changed their status as marital property. Physical possession by a spouse isn't required for an asset to qualify as marital property subject to equitable division. *See, e.g., In re Marriage of Grubb*, 745 P.2d 661, 665 (Colo. 1987) (spouse's interest in a vested but unmatured employer-supported pension plan constituted marital property); *accord Allen v. Allen,* 607 S.E.2d 331, 335 (N.C. Ct. App. 2005) (explaining that (1) a tax refund constituted marital property "when the right to receive those funds was acquired during the marriage" and (2) the parties' decision to "defer receipt" of the refund didn't change its character). Rather, the key determinant is whether one of the spouses has an enforceable right to receive the

asset and whether that right was acquired during the marriage. *See* § 14-10-113(2); *Cardona,* ¶ 14.

¶ 22    Third, even if the district court determined in the alternative that the tax overpayments qualified as property and were part of the marital estate, it nonetheless erred by assigning them a value of zero.  True, a trial court has discretion in valuing marital property, and the parties must present sufficient evidence for the court to make a reasonable valuation.  *Krejci,* ¶ 23.  But here, wife testified about the overpayments and submitted, among other things, correspondence from the Internal Revenue Service showing the federal overpayment amounts for tax years 2019 and 2020.  The district court didn't find that wife's evidence lacked credibility or otherwise explain why the evidence was insufficient for it to value the overpayments.  *See In re Marriage of Wright,* 2020 COA 11, ¶ 20 (trial court must make sufficiently explicit findings to give the appellate court a clear understanding of the basis for its order).

¶ 23    Moreover, husband didn't present competing evidence of value.  To the contrary, one of his witnesses — his daughter, the president of C&R Industries — acknowledged that the company had a "tax issue" with appropriately crediting wife's withholdings and

was attempting to get it "sorted out." On appeal, husband says that the evidence of the overpayments' value was "conflicting" but doesn't argue that the overpayments were worthless.

¶ 24     Accordingly, because no evidence suggested that the overpayments were worthless, we conclude that the district court clearly erred by assigning them a value of zero. *Krejci*, ¶ 23.

¶ 25     Because the district court also erred by determining in the alternative that the overpayments weren't marital property, we reverse and remand for additional findings. On remand, the court must value the tax overpayments and equitably divide them in accordance with section 14-10-113. If the court determines that it can't reasonably ascertain the value of the overpayments, the court must instead consider the overpayments as an economic

circumstance of the parties under section 14-10-113(1)(c).[1]  *See*

*Cardona*, ¶¶ 14, 33; *In re Marriage of Lafaye*, 89 P.3d 455, 461

(Colo. App. 2003).  Regardless of which approach the court takes,

the court must make sufficiently explicit findings of fact to give a

reviewing court a clear understanding of the basis for its order.  *See*

*Wright*, ¶ 20.

## III.  Maintenance

¶ 26   Awards of spousal maintenance "flow from" the court's

property division.  *In re Marriage of de Koning*, 2016 CO 2, ¶ 26.

Because these two issues are "interdependent," a trial court must

reevaluate maintenance when it is required to revisit a property

division.  *Id.*  Thus, we also set aside the district court's decision

declining to award wife maintenance and remand the case for

---

[1] We reject husband's argument that the district court *did* consider the tax overpayments as part of husband's economic circumstances.  The court's discussion of economic circumstances was limited to (1) the parties' available liquid assets to meet their living expenses, legal costs, and family needs; (2) whether wife should remain in the marital home with the parties' children; (3) husband's alleged dissipation of marital assets to support his separate family in Thailand; and (4) the parties' income potential, including wife's inability to rely on C&R Industries for future income.  The tax overpayments didn't factor into the court's economic circumstances analysis.

reconsideration in light of the court's updated property division. *See LaFleur v. Pyfer*, 2021 CO 3, ¶ 66. On remand, the district court must follow the process laid out in section 14-10-114(3), C.R.S. 2025, for evaluating a maintenance request, including making necessary findings of fact that are sufficiently explicit to give a reviewing court a clear understanding of the basis for its order. *See Wright*, ¶¶ 13-20.

¶ 27    At this stage, we express no opinion on the merits of wife's maintenance request.

### IV.    Appellate Attorney Fees

¶ 28    Wife requests her appellate attorney fees under section 14-10-119, C.R.S. 2025, asserting that the parties' disproportionate financial circumstances necessitate an award of fees to equalize their positions. Because the district court is better equipped to address the factual issues associated with this request, we direct it to resolve wife's section 14-10-119 request for appellate attorney fees on remand. *See In re Marriage of Kann*, 2017 COA 94, ¶ 84; *see also* C.A.R. 39.1.

¶ 29    We reject husband's argument that wife didn't comply with C.A.R. 39.1 by failing to state a factual basis for her request. As

wife points out in reply, her opening brief grounded her request in the "financial disparity between the parties" and their "disproportionate economic circumstances." When coupled with the opening brief's earlier citations to the record illustrating the parties' relative economic circumstances, we are able to adequately glean the factual basis for wife's request.

## V. Disposition

¶ 30 We reverse those portions of the judgment involving the tax overpayments and maintenance, and we remand the case to the district court for additional proceedings consistent with this opinion.

JUDGE TOW and JUDGE YUN concur.